PEARLIE COGGINS DOZIER, PLAINTIFF v. ANNETTE CRANDALL, DEFENDANT

No. 913SC209

(Filed 7 January 1992)

**Rules of Civil Procedure § 6 (NCI3d) — alias summons issued 92 days after original summons — action discontinued — no authority of court to extend time for filing**

    The trial court did not err in dismissing plaintiff's case on the ground that it did not have authority to extend the time for issuing the alias and pluries summons so that it would relate back to the original summons, since *the action was discontinued* when the alias and pluries summons was filed 92 days after issuance of the original summons; the action was deemed to have commenced on the date the alias summons was issued; and that date was more than three years from the date on which the cause of action arose. N.C.G.S. § 1A-1, Rule 4(c) and Rule 6(b).

DOZIER v. CRANDALL

[105 N.C. App. 74 (1992)]

**Am Jur 2d, Limitation of Actions §§ 311, 312; Process § 119.**

APPEAL by plaintiff from judgment entered 10 December 1990 by *Judge David D. Reid, Jr.* in PITT County Superior Court. Heard in the Court of Appeals 3 December 1991.

Plaintiff filed this action 15 March 1990 alleging she was injured in an automobile accident caused by the negligence of the defendant on 19 March 1987. A summons was issued 15 March 1990 and returned unserved on 27 March 1990. On 15 June 1990, an alias and pluries summons was issued (92 days after the issuance of the original summons) and returned unserved on 26 June 1990.

On 20 August 1990, defendant accepted service and filed an answer raising the three year statute of limitations as a defense. Also on 20 August 1990, defendant filed a motion for judgment on the pleadings asserting the statute of limitations as a bar to plaintiff's claim. That same day plaintiff filed a motion pursuant to Rule 6 of the North Carolina Rules of Civil Procedure requesting that the court extend the period for issuing the alias and pluries summons for three days due to excusable neglect.

On 12 December 1990, the trial court filed a judgment denying plaintiff's motion and granting defendant's motion on the grounds that plaintiff's claim is barred by the three year statute of limitations.

From this judgment, plaintiff appeals.

*Evans & Lawrence, by Antonia Lawrence, for plaintiff-appellant.*

*Gaylord, Singleton, McNally, Strickland & Snyder, by Danny D. McNally, for defendant-appellee.*

ORR, Judge.

The issue on appeal is whether the trial court erred in dismissing plaintiff's case on the ground that it did not have authority to extend the time for filing the alias and pluries summons. For the reasons set forth below, we affirm the judgment of the trial court.

Under Rule 4 of the North Carolina Rules of Civil Procedure, a summons must be served within 30 days of its issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c) (1990). A summons not served within 30 days loses its vitality and becomes *functus officio*, and service obtained thereafter does not confer jurisdiction on the trial court

over the defendant. *Carolina Narrow Fabric Co. v. Alexandria Spinning Mills, Inc.*, 42 N.C. App. 722, 724, 257 S.E.2d 654, 655 (1979). However, although a summons not served within 30 days becomes dormant and unserveable, under Rule 4(c) it is not invalidated nor is the action discontinued. *Huggins v. Hallmark*, 84 N.C. App. 15, 18, 351 S.E.2d 779, 781 (1987).

> If the summons is not served within thirty days, Rule 4(d) permits the action to be continued, so as to relate back to the date of issue of the original summons, by an endorsement from the clerk or issuance of an alias or pluries summons within ninety days of the issuance of the last preceding summons. Any such alias or pluries summons, like the original summons, must be served within thirty days of issuance.

*Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 275, 367 S.E.2d 655, 657, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988).

Here, the alias summons was issued 92 days after the issuance of the preceding summons. The trial court found that the failure to issue the alias summons within 90 days was due to excusable neglect. The trial court, however, stated in its judgment:

> Nevertheless, plaintiff's motion to file (sic) alias summons is hereby denied for the reason that, as a matter of law, Rule 6(b) of the North Carolina Rules of Civil Procedure does not confer upon the Court the authority to permit an enlargement of time within which to issue an alias or pluries summons after the time specified in Rule 4(d) and Rule 4(e) such that the untimely issued alias or pluries summons would relate back to the previously issued summons. *The Court is of the opinion that it does not have discretion to prevent a discontinuance of this action under Rule 4(e).* . . . If permitted under Rules 6(b) and 4(e) the Court would exercise its discretion and allow the alias summons issued in the cause on June 15, 1990 to relate back to the previously issued summons on March 15, 1990. [Emphasis added.]

N.C. Gen. Stat. § 1A-1, Rule 6(b) (1990) provides:

> When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made

before the expiration of the period originally prescribed or as extended by a previous order. *Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.* Notwithstanding any other provisions of this rule, the parties may enter into binding stipulations without approval of the court enlarging the time, not to exceed in the aggregate 30 days, within which an act is required or allowed to be done under these rules, provided, however, that neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b), except to the extent and under the conditions stated in them. [Emphasis added.]

Plaintiff relies on *Lemons* where the issue was "whether by adopting Rule 6(b), the General Assembly has given our trial courts authority to breathe new life and effectiveness into such a summons retroactively after it has become *functus officio.*" 322 N.C. at 274, 367 S.E.2d at 657. The Court concluded that "the General Assembly has given our trial courts such authority by enacting Rule 6(b)" and held that a trial court has discretion to extend the time provided in Rule 4(c) for serving a summons upon a finding of excusable neglect. *Id.*

In *Lemons*, the plaintiff was allegedly injured on 15 May 1982 and on 21 March 1984 commenced an action against defendant which was terminated by voluntary dismissal on 6 February 1985. Then an action was commenced 6 February 1986, and a summons was issued that day but was not served. An alias summons was issued 2 May 1986 and served 5 June 1986, more than 30 days after its issuance. On 23 June 1986, defendant filed a motion to dismiss. On 10 September 1986, defendant was served with an alias summons issued that same day, more than 90 days after the issuance of the preceding summons such that the action did not relate back to the original summons. Thus, the plaintiff's action was barred by the statute of limitations. On 13 October 1986, plaintiff filed a motion for retroactive extension of time, *nunc pro tunc*, from 2 June 1986 to 6 June 1986 to serve the alias summons.

*Lemons* is distinguishable from the case *sub judice*, and we hold that it is not controlling here. *Lemons* holds that a trial court pursuant to Rule 6 may in its discretion and upon a finding of excusable neglect extend the time provided in Rule 4(c) for service

of summons. 322 N.C. at 274, 367 S.E.2d at 657. The failure to serve a summons within the required 30 days does not invalidate the summons, though it remains dormant and unserveable unless it is extended by endorsement or alias or pluries summons. *Huggins*, 84 N.C. App. at 15, 351 S.E.2d at 781; Rule 4(c). Thus, in *Lemons* the Court permitted extension of time to *serve* a dormant summons and thus revive it.

In contrast, here *the action* has been discontinued. Rule 4(e) specifically provides that where there is neither endorsement nor issuance of alias or pluries summons within 90 days after issuance of the last preceding summons, the action is *discontinued* as to any defendant not served within the time allowed and treated as if it had never been filed. *Johnson v. City of Raleigh*, 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). Under Rule 4(e), either an extension can be endorsed by the clerk or an alias or pluries summons can be issued after the 90 days has run, but "the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the alias or pluries summons." *Lemons*, 322 N.C. at 275, 367 S.E.2d at 657. Thus, when plaintiff failed to have this action continued through endorsement or issuance of alias or pluries summons within 90 days, this action was discontinued.

While Rule 6 under the *Lemons* case gives the trial court discretion upon a showing of excusable neglect to permit *an act to be done*, we find no authority in the rule or in *Lemons* to overrule the express language of Rule 4(e) as to the effect of failing to have an endorsement or alias or pluries summons issued "within the time specified in Rule 4(d) . . . ." The time specified in Rule 4(d) is 90 days, and plaintiff regrettably did not comply with this specific time limit. The effect pursuant to Rule 4(e) is that the original action was discontinued, and any subsequent issuance of a summons in the case will result in the action being deemed to have commenced from that date.

Therefore, plaintiff's action is deemed to have commenced 15 June 1990, the date the alias summons was issued, more than three years from the date on which the cause of action arose. Thus plaintiff's action is barred by the statute of limitations, and we accordingly find that the trial court correctly granted defendant's motion for judgment on the pleadings.

Affirmed.

Judges JOHNSON and EAGLES concur.