DONALD R. HOLLOWELL v. ROBERT EDWARD CARLISLE AND CHARLES EDWARD CARLISLE

No. 938SC618

(Filed 21 June 1994)

**Process and Service § 54 (NCI4th)— dormant summons— extension of time to serve—excusable neglect—discretion of court**

The trial court had the discretion, upon a showing of excusable neglect, to grant an extension of time under Rule 6(b) to serve a dormant summons where neither an endorsement nor an alias or pluries summons was issued within the 90-day period specified by Rule 4(e) but the original summons and complaint were served on defendant within the 90-day period. Therefore, where the trial court erroneously concluded that it had no authority to extend the time for service of the summons, the cause must be remanded to the trial court for a ruling on plaintiff's motion to extend the time for service of the original summons. N.C.G.S. § 1A-1, Rules 4(e) and 6(b).

**Am Jur 2d, Process § 119.**

**HOLLOWELL v. CARLISLE**

[115 N.C. App. 364 (1994)]

Appeal by plaintiff from order entered 31 March 1993 by Judge William C. Griffin, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals 7 March 1994.

This case arises out of a civil action filed by plaintiff on 31 July 1992, alleging that the plaintiff was injured through the negligence of the defendant on 2 August 1989. The parties have stipulated that summons was duly issued on 31 July 1992, and that the complaint and original summons were served on the defendants by certified mail on some date between 7 October 1992 and 29 October 1992.

On 10 December 1992, the defendants filed a motion to dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, pleading failure to state a claim for which relief can be granted and insufficiency of service of process in bar of plaintiff's action, in that summons expired on 30 August 1992 and that the defendants were not served until sometime in October 1992. Plaintiff filed a motion for extension of time for service of process on 8 March 1993 pursuant to Rule 6(b), alleging excusable neglect by the plaintiff's attorney.

On 15 March 1993, hearings were held on both plaintiff's and defendants' motions. The trial court found that the failure to complete proper service within thirty days of the issuance of the original summonses resulted from excusable neglect. The court further found that the summonses became dormant and unserveable when they were not served within the thirty-day period following their issuance, and that neither an endorsement nor an alias and pluries summons was issued within ninety days after the 31 July filing date of the original complaint and summonses.

By order filed 1 April 1993, the court denied the plaintiff's motion for extension of time, and granted the defendants' motion to dismiss. From this order, the plaintiff appeals.

*Bailey & Dixon, by Gary S. Parsons, Patricia P. Kerner and Kenyann G. Brown; and George Lee Jenkins, for plaintiff-appellant.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Thomas H. Morris and Elizabeth H. McCullough, for defendant-appellees.*

ORR, Judge.

The central question is whether the trial court may, upon a showing of excusable neglect, grant an extension of time under these facts

to serve a dormant summons where no alias and pluries summons has been obtained. In the court below, the trial court concluded when neither an endorsement nor an alias and pluries summons was issued within ninety days of the original filing that the action was discontinued pursuant to Rule 4(e), and that the court had no authority to grant the plaintiff's motion for extension of time pursuant to Rule 6(b).

The plaintiff argues to the Court that *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 367 S.E.2d 655, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988), controls the outcome here. Conversely, the defendants contend that the plaintiff's failure to obtain an alias and pluries summons effectively discontinued the action as was the case in *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635 (1992).

Rule 4 of the North Carolina Rules of Civil Procedure sets forth the requirements for service of process. Under that rule, a summons must be served within thirty days of its issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c) (1990). "A summons not served within 30 days loses its vitality and becomes *functus officio*, and service obtained thereafter does not confer jurisdiction on the trial court over the defendant. . . . However, although a summons not served within 30 days becomes dormant and unserveable, under Rule 4(c) it is not *invalidated nor is the action discontinued*." *Dozier* at 75-6, 411 S.E.2d at 636 (emphasis added) (citation omitted). Rule 4(d) permits the action to be continued through an endorsement from the clerk or through the issuance of an alias or pluries summons. As is the case with the original summons, the alias or pluries summons "must be served within thirty days of issuance. Rule 4(e) provides that when there is neither an endorsement nor an alias or pluries summons issued, the action is discontinued as to any defendant who was *not served within the time allowed*." *Lemons* at 275, 367 S.E.2d at 657 (emphasis added).

In *Lemons*, our Supreme Court examined the interplay between Rules 4(c) and 6(b) of the Rules of Civil Procedure. There, the plaintiff commenced an action against the defendant on 6 February 1986. A summons was also issued that day, but was not served. An alias summons was issued on 2 May of that year and was served on 5 June, more than thirty days after its issuance. On 13 October 1986, the plaintiff filed a motion for retroactive extension of time, *nunc pro tunc*, from 2 June until 6 June to serve the alias summons. The Court,

noting initially that the Rules of Civil Procedure were adopted "to eliminate the sporting element from litigation," *Lemons* at 274, 367 S.E.2d at 657 (citation omitted), held that Rule 4 must be construed in *para materia* with Rule 6(b), "which addresses the computation of any time period prescribed by the Rules of Civil Procedure." *Id.* at 275, 367 S.E.2d at 657. Rule 6(b) provides that:

> When by these rules . . . *an act* is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before expiration of the period originally prescribed or as extended by a previous order. Upon motion made *after the expiration of the specified period*, the judge *may permit the act to be done where the failure to act was the result of excusable neglect.*

N.C.G.S. § 1A-1, Rule 6(b); *Lemons* at 275-76, 367 S.E.2d at 657 (emphasis in original).

As a result of this language, the Court found that the General Assembly intended that a trial judge have within his discretionary powers the ability to "breathe new life and effectiveness into such a summons retroactively after it has become *functus officio,*" excepting the time periods allowed for motions pursuant to Rule 50(b), Rule 52, Rule 59(b), (d), or (e), and Rule 60(b). *Lemons* at 274, 367 S.E.2d at 656. The *Lemons* Court then found that the Rule permitted an extension of time to serve a dormant summons and thus revive it where the alias summons was served on the defendant after the time for service of process under Rule 4(c) had expired.

By contrast, in *Dozier*, the plaintiff filed an action on 15 March 1990, alleging personal injuries on 19 March 1987. On 15 June 1990, an alias and pluries summons was *issued*, ninety-two days after the original summons. The defendant accepted service on 20 August 1990, over sixty days later, and filed a motion for judgment on the pleadings asserting the three-year statute of limitations. The plaintiff moved pursuant to Rule 6 to extend the period for issuance of the alias and pluries summons. This Court held that *Lemons* was distinguishable from the case before it in that Rule 6(b) does not allow a party to continue an action beyond the ninety-day period specified in Rule 4(e). The court agreed that *Lemons* held that a court may permit an extension of time to *serve* a dormant summons and thus revive it, but that the discretion allowed by *Lemons* did not apply where the defendant was not served within the time allowed by Rule 4(e).

Here, the parties have stipulated that the defendant was indeed served with the original summons and complaint sometime between sixty-eight and ninety days after the issuance of the summons on 31 July 1992, unlike the defendant in *Dozier*, who was served some five months after the original complaint was filed in March with an alias summons that was issued outside the ninety-day time period required by Rule 4(e). Under *Lemons*, the trial court may allow an extension of time to serve a *dormant* summons and complaint upon a showing of excusable neglect, but may not circumvent the express language of Rule 4(e), which *discontinues* an action after ninety days as to any defendant not served. We have determined that *Lemons* controls the facts of this case. Since the defendant in the case *sub judice* was served with a *dormant* summons within the 90-day limit, rather than notice of a *discontinued action*, the trial court had the authority pursuant to the language of Rule 6(b) to extend the time for service of process under Rule 4(c), "to permit the act to be done where the failure to do the act was the result of excusable neglect."

We therefore conclude that the trial court, while not required to exercise its discretion, has mistakenly concluded that it had no authority to extend the time for service of the complaint. Pursuant to *Lemons*, we accordingly reverse and remand to the trial court for a ruling on plaintiff's motion to extend time for service of the original summons.

Reversed and remanded.

Judges WELLS and WYNN concur.