PATRICIA MEDLIN RUSS, AMY S. ROBINSON, TAMELA BROWN, TERILYN L. STAFFORD, SANDRA SIDES, SAUNDRA POWERS, AND DONNA JEFFREYS, PLAINTIFFS V. WILLIAM F. HEDGECOCK, JR., D/B/A TRIAD BUSINESS FORMS, DEFENDANT

No. COA02-1615

(Filed 18 November 2003)

**Statutes of Limitation and Repose— statute of limitations— improper retroactive extension of time to issue alias and pluries summons**

The trial court did not err by granting defendant's motion for summary judgment on the basis of the expiration of the statute of limitations in an action where plaintiffs alleged they had obtained

a judgment against defendant, that the judgment had not been paid, and that this action was not barred by the statute of limitations, because: (1) the first trial judge did not have the authority to retroactively extend the time to issue the alias and pluries summons under N.C.G.S. § 1A-1, Rule 6(b) when the action was discontinued and plaintiffs failed to obtain an endorsement or issuance 'of an alias and pluries summons within the ninety-day time period; and (2) a second trial judge did not lack authority to overrule or ignore the first trial judge's order when the first judge's order was a nullity and the statute of limitations was a positive bar to plaintiffs' claims.

Appeal by plaintiffs from judgment entered 28 June 2002 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 13 October 2003.

*Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Harold L. Kennedy, III, and Harvey L. Kennedy, for plaintiff-appellants.*

*Allman Spry Leggett & Crumpler, P.A., by Jeffrey B. Watson, for defendant-appellee.*

EAGLES, Chief Judge.

Plaintiffs filed this action 18 January 2002 alleging that they had obtained a judgment against the defendant on 20 January 1992, that the judgment had not been paid and that this action was not barred by the statute of limitations. A summons in this action was issued 18 January 2002 and returned unserved on 21 March 2002. On 14 May 2002, an alias and pluries summons was issued (116 days after the issuance of the original summons) and was returned served on 21 May 2002.

On 17 May 2002, plaintiffs filed a motion asking for a retroactive extension of time for the issuance of the alias and pluries summons to 15 May 2002 (three days after the plaintiffs had already caused the alias and pluries summons to be issued). On 24 May 2002, after a hearing, Judge L. Todd Burke concluded that the plaintiffs had shown excusable neglect in failing to have the alias and pluries summons issued within 90 days of the issuance of the original summons and entered an order retroactively extending the time for the issuance of the alias and pluries summons to and including 15 May 2002. On 23 May 2002, (the day before the hearing before Judge Burke), the defendant filed a motion to dismiss, a motion for summary judgment

on the basis of the statute of limitations, and an answer to the complaint in which he asserted the statute of limitations as a bar to plaintiffs' claims. On 28 June 2002, Judge Richard L. Doughton granted defendant's 23 May 2002 motion for summary judgment. Plaintiffs appeal from this order.

Plaintiffs argue that the trial court erred in granting defendant's motion for summary judgment because: (1) Judge Burke had the authority to retroactively extend the time to issue the alias and pluries summons pursuant to N.C.R. Civ. P. 6(b) and (2) Judge Doughton lacked the authority to modify, overrule or change Judge Burke's order.

Plaintiffs contend that Rule 6(b) allows the trial court to exercise its discretion to retroactively extend the ninety-day time period provided in N.C.R. Civ. P. 4(d) for issuance of an alias and pluries summons or for an endorsement upon the original summons to effectuate service on defendant and to prevent a discontinuance of the action. We disagree.

Rule 6(b) gives our trial courts the discretion, upon a finding of "excusable neglect," to retroactively extend the time provided in N.C.R. Civ. P. 4(c) for serving a summons after it has become *dormant*. *Lemons v. Old Hickory Council*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988). However, this Court held in *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635, *disc. review denied as improvidently allowed*, 332 N.C. 480, 420 S.E.2d 826 (1992), that trial courts do not have discretion pursuant to Rule 6(b) to prevent a discontinuance of an action under N.C.R. Civ. P. 4(e) where there is neither an endorsement of the original summons nor issuance of an alias and pluries summons within ninety days after issuance of the last preceding summons. *Id.* at 78, 411 S.E.2d at 638. While *Lemons* permits the extension of time to serve a dormant summons, *Dozier* controls if the action has become discontinued.

Here because this action was discontinued, we are bound by *Dozier*. Plaintiffs had the original summons issued on 18 January 2002. The summons was returned unserved on 21 March 2002. Plaintiffs had ninety days from 18 January 2002 to have the alias and pluries summons issued under Rule 4(d). Plaintiffs failed to obtain an endorsement or an alias and pluries summons on the defendant within the ninety-day time period. The plaintiffs' attempt to retroactively extend the time period for issuing the alias and pluries summons is not allowed by Rule 6(b). Under Rule 4(e), the alias and

pluries summons issued on 14 May 2002 resulted in the commencement of an entirely new action, outside of the statutory limitations period. Because discontinuance of the action is mandated under this Court's decision in *Dozier*, the trial court erred in allowing plaintiffs' motion to retroactively extend the time period for issuing an alias and pluries summons. Plaintiffs' assignment of error fails.

Plaintiffs argue that Judge Doughton, in granting defendant's motion for summary judgment, in effect overruled Judge Burke's order retroactively extending the time for the issuance of the alias and pluries summons. Pursuant to N.C.R. Civ. P. 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). A defendant moving for summary judgment bears the burden of showing that no triable issue of fact exists on the record before the court or that the plaintiff's claim is fatally flawed. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975). In deciding whether to grant or deny the motion, the trial court must draw all inferences of fact against the moving party and in favor of the party opposing summary judgment. *Id.* On appeal from a ruling by the trial court on a motion for summary judgment, the question for our determination is whether the court's conclusions of law were correct. *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987).

Here, the plaintiffs' action had been discontinued because the plaintiffs failed to obtain an endorsement or issue an alias and pluries summons within the time period specified in Rule 4(d). The summons issued on 14 May 2002 began a new action, one that was commenced outside the statute of limitations. On 24 May 2002, the trial court was without jurisdiction to issue an order that retroactively extended the time for issuing an alias and pluries summons in this action. "An order is void *ab initio* only when it is issued by a court that does not have jurisdiction. Such an order is a nullity and may be attacked either directly or collaterally, or may simply be ignored." *State v. Sams*, 317 N.C. 230, 235, 345 S.E.2d 179, 182 (1986) (emphasis in original), citing *Manufacturing Co. v. Union*, 20 N.C. App. 544, 202 S.E.2d 309, *cert. denied*, 285 N.C. 234, 204 S.E.2d 24 (1974). Judge Doughton was correct in granting summary judgment in the matter because Judge Burke's order was a nullity and the statute of limitations was a positive bar to the plaintiffs' claims.

Affirmed.

Judges ELMORE and GEER concur.