LEROY AND ROSEMARY WETCHIN, ET AL., PLAINTIFFS v. OCEAN SIDE CORPORATION AND CAN-AM DEVELOPMENT CORPORATION, LLC, DEFENDANTS

No. COA03-1684

(Filed 4 January 2005)

**1. Appeal and Error— improper assignment of error—discretionary hearing of appeal**

Although plaintiffs' assignment of error fails to state the legal basis upon which error is assigned and is not confined to a single issue of law, the Court of Appeals exercised its discretion under N.C. R. App. P. 2 to hear the appeal.

**2. Process and Service— service of summons—motion for extension of time—discretion of trial court**

The trial court erred by mistakenly believing that it did not have the discretion to consider plaintiffs' motions to extend the time for service of the summons, and the case is remanded to the trial court to consider whether to exercise its discretion to extend the time based on the inquiry of excusable neglect in regards to serving a dormant summons because: (1) although the alias and pluries summons became dormant after sixty days, prior to plaintiffs' effectuating service on 20 November 2002, it was before expiration of the summons on 20 November 2002; and (2) the summons was merely dormant at the time of service, it had

**WETCHIN v. OCEAN SIDE CORP.**

[167 N.C. App. 756 (2005)]

not expired, and the trial court had the discretion to retroactively extend the time for service of the alias and pluries summons.

### 3. Process and Service— wrong name on summons—sufficiency of service

A summons served on defendant Ocean Side was sufficient to meet requirements of Rule 4 for service of process although it was directed to defendant Con-Am and Ocean Side's name did not appear on the summons because there was no substantial possibility of confusion about the identity of Ocean Side as a party being sued where Ocean Side received the summons by certified mail, addressed to Ocean Side, and its name appeared on the complaint contained therein.

Appeal by plaintiffs from judgment entered 13 May 2003 by Judge Jack W. Jenkins in Brunswick County Superior Court. Heard in the Court of Appeals 16 September 2004.

*Bradsher, Grissom & Holloman, PLLC, by Wallace W. Bradsher, Jr., for plaintiffs-appellants.*

*Patterson, Dilthey, Clay, Bryson & Anderson, LLP, by Stuart L. Egerton, for defendant-appellant [Ocean Side Corporation].*

STEELMAN, Judge.

Plaintiffs, Leroy and Rosemary Wetchin, et al, appeal the trial court's order denying their motion for extension of time and denying their motion to amend, and granting defendant Ocean Side Corporation's motion to dismiss. For the reasons discussed herein, we reverse and remand this matter.

This appeal deals only with defendant, Ocean Side Corporation (Ocean Side), since plaintiffs filed a notice of voluntary dismissal as to the other defendant, Can-Am Development Corporation, L.L.C. (Can-Am).

On 3 April 2000, plaintiff brought suit against Ocean Side in the Brunswick County Superior Court (File No. 00 CVS 539). Plaintiffs dismissed this action without prejudice on 24 September 2001. Plaintiffs refiled their lawsuit, the instant action, on 31 May 2002, adding Can-Am as a party defendant. That same day, the Clerk of Superior Court issued separate civil summonses, directed to each of the defendants. Plaintiffs did not serve these summonses on either defendant. On 29 August 2002, the Clerk of Court issued separate

alias and pluries summonses for each defendant. On 14 November 2002, plaintiffs' counsel mailed a copy of the summons and complaint to each defendant by certified mail. While each mailing included a copy of the complaint, Ocean Side was sent the summons directed to Can-Am, and Can-Am was sent the summons directed to Ocean Side. The summons mailed to Ocean Side was directed to "Gordon N. Titcomb, Can-Am Development Corporation, L.L.C., 6401 Orr Rd., Charlotte, NC 28213." Nowhere in the summons sent to Ocean Side was Ocean Side, or its agent's name mentioned, including in the caption of the summons. Ocean Side received the certified mailing on 20 November 2002. On 26 November 2002, counsel for plaintiff filed an affidavit of service by certified mail, asserting that a copy of the summons and complaint was served on "WJ McLamb at 101255 Hwy. 179 Box 4640, Calabash, North Carolina."

Ocean Side moved to dismiss plaintiffs' complaint on 17 December 2002, pursuant to Rule 12(b)(2), Rule 12(b)(4), and Rule 12(b)(5) of the North Carolina Rules of Civil Procedure. These motions came on for hearing before Judge Jenkins on 28 February 2003. The morning of the hearing plaintiffs filed a motion requesting the court "extend the summons as OCEAN SIDE CORPORATION for thirty days to and including up [sic] November 27, 2002." During the course of the hearing, plaintiffs made an oral motion to amend the summons directed to Can-Am so that it was directed to defendant Ocean Side. Judge Jenkins entered an order on 13 May 2003 containing the following rulings: (1) Ocean Side's motion to quash the attempted service and dismiss plaintiffs' action was granted; (2) plaintiffs' written motion to extend the summons until 27 November 2002 was denied; and (3) plaintiffs' oral motion to amend the summons was denied. The order was signed out of county and out of session by consent of the parties. Plaintiffs appeal.

Plaintiffs' bring forward one assignment of error, which reads as follows: "The ruling of the trial court in its Order of Dismissal entered on May 13, 2003."

Our review of a matter on appeal is "confined to a consideration of those assignments of error set out in the record on appeal . . . ." N.C. R. App. P. 10(a). Rule 10(c)(1) sets forth the requirements for the form of an assignment of error, stating:

Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is

assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

N.C. R. App. P. 10(c)(1).

[1] Plaintiffs' assignment of error fails to state the legal basis upon which error is assigned and is not confined to a single issue of law. Rather, the assignment is a broadside attack on the trial court's order, not specifying which of the court's three rulings was erroneous. Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. "This assignment—like a hoopskirt—covers everything and touches nothing." *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970). It is an improper assignment of error. *Id.* Despite this defect, we choose to exercise our discretion under Rule 2 of the Rules of Appellate Procedure and address plaintiffs' appeal on the merits.

[2] Plaintiffs contend the trial court mistakenly believed it did not have the discretion to consider its motions to extend the time for service of the summons and to amend the summons served to Ocean Side.

We note that plaintiffs failed to assign error to any of the findings of fact contained in Judge Jenkins' order, thus they are presumed correct and are binding on appeal. *In re Beasley*, 147 N.C. App. 399, 405, 555 S.E.2d 643, 647 (2001). Our review is therefore limited to whether the trial court's findings of fact support its conclusions of law and whether those conclusions of law represent a correct application of the law. *See Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988).

The alias and pluries summons was issued on 29 August 2002. Under Rule 4(c) of the Rules of Civil Procedure, plaintiffs were required to serve the summons on Ocean Side within sixty days of the date of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(c) (2004). Upon the expiration of the sixty days, the alias and pluries summons became dormant, and any service effected thereafter does not confer jurisdiction over the case upon the trial court. *Hollowell v. Carlisle*, 115 N.C. App. 364, 366, 444 S.E.2d 681, 682 (1994). However, the expiration of the sixty day period does not discontinue the action, since under Rule 4(d) plaintiffs could have secured an endorsement to the summons, or caused another alias and pluries summons to be issued

within ninety days from the date of issuance. N.C. Gen. Stat. § 1A-1, Rule 4(d) (2004).

In the instant case, the trial court held that plaintiffs' motion to extend the time for service of the alias and pluries summons was "outside of its power to grant," citing the case of *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635, *disc. review denied*, 332 N.C. 480, 420 S.E.2d 826 (1992). The trial court further concluded that if it were permitted to do so, it would exercise its discretion and extend the time for service, but it was of the opinion that it did not have discretion to prevent a discontinuance of this action. We hold this conclusion was erroneous.

The case of *Dozier v. Crandall* and the more recent case of *Russ v. Hedgcock*, 161 N.C. App. 334, 588 S.E.2d 69 (2003), *disc. review denied*, 358 N.C. 545, 599 S.E.2d 407 (2004), involve identical fact situations which differ materially from that presented in the instant case. In both *Dozier* and *Russ*, the summons was not served within ninety days, and the action was discontinued. The plaintiffs subsequently obtained an alias and pluries summons, which was served upon the defendant. In each case, the plaintiff sought an order extending the time for issuance of the alias and pluries summons. This Court held in each case that once the summons expired because of the passage of ninety days, the action was discontinued. *Russ*, 161 N.C. App. at 336, 588 S.E.2d at 70; *Dozier*, 105 N.C. App. at 78, 411 S.E.2d at 638. Upon discontinuance of the action, the statute of limitations barred the plaintiff's claims and the trial court was without authority to retroactively extend the time for issuance of the alias and pluries summons. *Russ*, 161 N.C. App. at 337, 588 S.E.2d at 71; *Dozier*, 105 N.C. App. at 78, 411 S.E.2d at 638.

The instant case is controlled by *Lemons v. Old Hickory Council*, 322 N.C. 271, 367 S.E.2d 655 (1988). In *Lemons*, the plaintiff was injured on 15 May 1982, and originally filed suit on 21 March 1984. Plaintiff dismissed the action on 6 February 1985, but refiled it on 6 February 1986. An alias summons was issued on 2 May 1986 and was served on 5 June 1986, after the summons had become dormant.[1] The defendant moved to dismiss the plaintiff's action. The plaintiff moved the trial court for a retroactive extension of time from 2 June 1986 to 6 June 1986, to serve the alias summons. The trial court denied the

---

1. Prior to the amendment of Rule 4(c), a summons in a civil action, other than an action for tax foreclosure, became dormant thirty days after issuance. 2001 N.C. Sess. Laws ch. 379 § 1.

motion, holding that under Rule 6(b) of the Rules of Civil Procedure it did not have the authority to enlarge the time for service. *Id.* at 273, 367 S.E.2d at 656. It further held the plaintiff's failure to obtain service until 5 June 1986 was the result of "excusable neglect." *Id.* The Supreme Court reversed, stating "Rule 6(b) grants our trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of 'excusable neglect.' " *Id.* at 276, 367 S.E.2d at 658. It therefore held that "pursuant to Rule 6(b) our trial courts may extend the time for service of process under Rule 4(c)." *Id.* at 277, 367 S.E.2d at 658.

The instant case is factually identical to *Lemons.* The alias and pluries summons became dormant after sixty days, prior to plaintiffs' effectuating service on 20 November 2002, but before the expiration of the summons on 27 November 2002. The summons was merely dormant at the time of service; it had not expired and the trial court had the discretion to retroactively extend the time for service of the alias and pluries summons.

We hold that the trial court erred in determining that it lacked the discretion to extend the time for service of the alias and pluries summons in this case. This matter is remanded to the trial court to consider whether or not to exercise its discretion to extend the time for service of the alias and pluries summons.

It should be noted that the motion to extend the time for service of the alias and pluries summons was made after the expiration of the time for service, and under the provisions of Rule 6(b), the trial court must find that the "failure to act was the result of excusable neglect." N.C. Gen. Stat. § 1A-1, Rule 6(b) (2004). In its order, the trial court found that excusable neglect "could have occurred" as a result of depositing the summons and complaint into the mail after they became dormant, and sending the wrong summons to Ocean Side. With respect to plaintiffs' motion to extend the time for service of the summons, the relevant inquiry concerning excusable neglect pertains to the delay in serving a dormant summons, and not to the sending of the wrong summons to Ocean Side.

[3] We now turn to the issue of whether the trial court erred in determining that it did not have discretion to amend the summons served on Ocean Side to change the name on the summons from Can-Am to Ocean Side.

WETCHIN v. OCEAN SIDE CORP.

[167 N.C. App. 756 (2005)]

Plaintiffs contend this issue is controlled by *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984), *disc. review denied*, 320 N.C. 168, 358 S.E.2d 50 (1987), while Ocean Side contends it is controlled by *Stone v. Hicks*, 45 N.C. App. 66, 262 S.E.2d 318 (1980). Each of these cases deals with the service of the wrong summons upon a party, but do not deal, in relevant parts, with the issue of amending the summons.[2] The threshold issue in this case is whether the summons served on Oceanside was sufficient to meet the requirements of Rule 4. We hold that it was, and therefore, do not reach the amendment question.

In *Stone*, this Court held that the service of the summons was fatally defective and as a result, was insufficient to confer jurisdiction, where the summons delivered to the first defendant named the second defendant and the summons delivered to the second defendant named the first defendant. 45 N.C. App. at 67-68, 262 S.E.2d at 319-20. In *Harris*, a deputy sheriff delivered a copy of a summons to Maready. This summons was directed to a different defendant. Our Supreme Court held that the service upon Maready met the requirements for service of process prescribed in Rule 4. 311 N.C. at 545, 319 S.E.2d at 918. We are bound by the holding in *Harris*, which is controlling in this case, and hold that the trial court erred in relying on *Stone v. Hicks*.

Although Ocean Side's name does not appear on the summons, we are convinced there was no substantial possibility of confusion in this case about the identity of Ocean Side as a party being sued. *Accord Harris*, 311 N.C. at 544, 319 S.E.2d at 917 (holding the same). Ocean Side received the summons by certified mail, addressed to Ocean Side, and their name appeared on the complaint contained therein. There was no confusion about the fact that Ocean Side was being sued. Counsel for Ocean Side advised the trial court:

> I recall checking with the Clerk and finding out, by golly, there was something filed out there May 31 with an A&P out there August 29 or whatever. And so I knew it was there. I informed everyone, as I am able to do, but still the rules weren't being followed again.

---

2. *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912, presented two issues, one concerning the wrong summons being served on the individual defendant, Maready; and the other with the misnomer in another summons identifying a different defendant as a partnership rather than a corporation. For the purposes of our discussion here, the relevant portion of the *Harris* opinion is that dealing with the service of the summons on Maready. The portion of the opinion dealing with the amendment of the partnership summons is not germane to this discussion.

Our Supreme Court has stated that a lawsuit is "not a children's game, but a serious effort on the part of adult human beings to administer justice[.]" *Hazelwood v. Bailey*, 339 N.C. 578, 584, 453 S.E.2d 522, 525 (1995) (citations and internal quotations omitted). " 'The purpose of a service of summons is to give notice to the party against whom a proceeding is commenced to appear at a certain place and time and to answer a complaint against him.' " *Id.* at 581, 453 S.E.2d at 523 (quoting *Harris*, 311 N.C. at 541, 319 S.E.2d at 916). Where the party being sued is named in such a manner that every intelligent person understands who is intended, then the purpose of the service of process has been fulfilled. *Id.* at 584, 453 S.E.2d at 525. As such, we will not and should not put ourselves in the "position of failing to recognize what is apparent to everyone else." *Id.* (citations and internal quotations omitted).

Ocean Side in this case was not confused as to whether or not they were a party to this lawsuit. Based on the facts of this case, we hold that the requirements for service of process, as required under Rule 4, have been met.

We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges CALABRIA and ELMORE concur.