IN THE MATTER OF: N.E.L., A MINOR CHILD

No. COA08-1573

(Filed 2 June 2009)

**Jurisdiction— subject matter—expiration of summons**

An order terminating respondent's parental rights was vacated where respondent "accepted" service 285 days after the summons was issued. There was no endorsement, extension, or alias and pluries summons, and any subject matter jurisdiction the court had pursuant to the issuance of a summons was discontinued and expired before respondent's parental rights were terminated.

Appeal by respondent from an order entered 30 October 2007 by Judge J. Stanley Carmical in Robeson County District Court. Heard in the Court of Appeals 5 May 2009.

*No brief, for Robeson County Department of Social Services, petitioner-appellee.*

*North Carolina Administrative Office of the Courts, by Associate Legal Counsel Pamela Newell Williams, for Guardian ad Litem.*

*Robin E. Strickland, for respondent-appellant mother.*

JACKSON, Judge.

Respondent-mother ("respondent") appeals the termination of her parental rights to her son, N.E.L. For the reasons stated below, we vacate.

Robeson County DSS ("DSS") took custody of N.E.L. on 6 January 2005, when he was just three days old. His mother had had no

prenatal care and had used drugs during her pregnancy. N.E.L. tested positive at birth for cocaine. On 10 May 2005, N.E.L. was adjudicated a neglected juvenile within the meaning of North Carolina General Statutes, section 7B-101(15).

DSS filed a petition to terminate respondent's parental rights on 1 December 2006. A summons was issued to respondent, but it was returned unserved on 6 December 2006. That original summons has no endorsement. Neither a new summons nor an alias and pluries summons was issued. On 12 September 2007, respondent signed a document purporting to accept service of a summons and petition. No summons was issued to or served upon N.E.L., nor was any summons served upon a guardian *ad litem* on his behalf.

On 24 October 2007, the trial court held a hearing on the termination of respondent's parental rights. In its order filed 30 October 2007, the trial court made findings of fact and concluded as a matter of law that grounds existed to terminate respondent's parental rights and that it was in N.E.L.'s best interests to do so. Therefore, the trial court terminated respondent's parental rights. Respondent appeals.

Respondent first argues that the trial court lacked subject matter jurisdiction to terminate her parental rights because she was not served with a valid summons. We agree.

We often have stated that " '[t]he question of subject matter jurisdiction may be raised at any time, even in the Supreme Court.' " *In re A.F.H-G*, 189 N.C. App. 160 , 160-61 , 657 S.E.2d 738, 739 (2008) (quoting *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85-86 (1986)). We review matters of subject matter jurisdiction *de novo. In re J.A.P.*, 189 N.C. App. 683, 685, 659 S.E.2d 14, 16 (2008).

Pursuant to North Carolina General Statutes, section 7B-1106(a), "upon the filing of the petition [to terminate parental rights], the court shall cause a summons to be issued." N.C. Gen. Stat. § 7B-1106(a) (2007). "The summons shall be directed to the [juvenile's parent] . . . who shall be named as [a] respondent[.]" N.C. Gen. Stat. § 7B-1106(a)(1) (2007).

Our Supreme Court recently rejected the notion, that "service of the summons on any particular party is necessary to invoke the trial court's subject matter jurisdiction." *In re N.C.H.*, 363 N.C. 116, 116, —— S.E.2d ——, —— (2009) (citing *In re J.T. (I)*, 363 N.C. 1, 4-5, 672 S.E.2d 17, 19 (2009) ("[T]he trial court's subject matter jurisdiction was properly invoked upon the *issuance* of a summons.")

(emphasis added)). However, pursuant to Rule 4 of the North Carolina Rules of Civil Procedure, service of a summons "must be made within 60 days after the date of the issuance of summons." N.C. Gen. Stat. § 1A-1, Rule 4(c) (2007). "[A] summons that is not served within [this] period becomes dormant and cannot effect service over the defendant, but may be revived by either of [] two methods." *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 158, 323 S.E.2d 458, 461 (1984).

Within ninety days of issuance, a plaintiff either may secure an endorsement upon the original summons for an extension of time within which to complete service of process or sue out an alias or pluries summons. N.C. Gen. Stat. § 1A-1, Rule 4(d)(1), (2) (2007). Additionally, a plaintiff make seek an extension of time pursuant to Rule 6 upon motion and a showing of excusable neglect. N.C. Gen. Stat. § 1A-1, Rule 6(b) (2004); *Hollowell v. Carlisle*, 115 N.C. App. 364, 444 S.E.2d 681 (1994); *Dozier v. Crandall*, 105 N.C. App. 74, 76-77, 411 S.E.2d 635, 637 (1992). "The consequence of not obtaining an endorsement, extension, or alias/pluries summons within ninety days after the issuance of the summons is the discontinuation of the action." *In re A.B.D.*, 173 N.C. App. 77, 85, 617 S.E.2d 707, 713 (2005). The action is treated as if it had never been filed. *Johnson v. City of Raleigh*, 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). "[W]here an action has not been filed, a trial court necessarily lacks subject matter jurisdiction." *In re A.B.D.*, 173 N.C. App. at 86, 617 S.E.2d at 713.

Here, respondent "accepted service" on 12 September 2007, 285 days after the summons was issued. At that time, it was as though no action had been filed because there was no endorsement, extension, or alias and pluries summons. Accordingly, any subject matter jurisdiction the court had pursuant to the issuance of a summons was discontinued and expired before respondent's parental rights were terminated. Therefore, we must vacate the trial court's order terminating respondent's parental rights.

Because our review of this issue is dispositive, we need not address respondent's other argument with respect to the issuance and service of a summons upon N.E.L.

Vacated.

Judges WYNN and Robert N. HUNTER, Jr. concur.