**IN RE N.E.L.**

[202 N.C. App. 576 (2010)]

IN THE MATTER OF: N.E.L., A MINOR CHILD

No. COA08-1573-2

(Filed 16 February 2010)

**1. Jurisdiction— personal—termination of parental rights— improper service—answer and appearance**

The trial court did not err by exercising jurisdiction over respondent in a termination of parental rights action where respondent clearly received improper service but filed an answer without objecting to jurisdiction, appeared at the hearing, presented evidence, and was represented by counsel.

**2. Termination of Parental Rights— jurisdiction—no summons issued to child or guardian ad litem**

The trial court had personal jurisdiction in a termination of parental rights case where neither the child nor his guardian *ad litem* (G.A.L.) was issued or received a summons. The purpose of the summons is to obtain jurisdiction over the parties rather than the subject matter and the G.A.L. fully participated in the hearing.

On remand to the Court of Appeals from an order of the Supreme Court of North Carolina remanding the decision in *In re N.E.L.*, 197 N.C. App. 395, 676 S.E.2d 907 (2009), for reconsideration in light of *In re K.J.L.*, 363 N.C. 343, 677 S.E.2d 835 (2009). Appeal by respondent from an order entered 30 October 2007 by Judge J. Stanley Carmical in Robeson County District Court. Originally heard in the Court of Appeals 5 May 2009.

*No brief, for Robeson County Department of Social Services, petitioner-appellee.*

*North Carolina Administrative Office of the Courts, by Associate Legal Counsel Pamela Newell Williams, for Guardian ad Litem.*

*Robin E. Strickland, for respondent-appellant mother.*

JACKSON, Judge.

This case is heard on remand from the Supreme Court. The original opinion addressed the appeal of respondent-mother ("respondent") from the 30 October 2007 order terminating her parental rights.

That opinion provides a complete and concise recitation of the pertinent facts:

> Robeson County DSS ("DSS") took custody of N.E.L. on 6 January 2005, when he was just three days old. His mother had had no prenatal care and had used drugs during her pregnancy. N.E.L. tested positive at birth for cocaine. On 10 May 2005, N.E.L. was adjudicated a neglected juvenile within the meaning of North Carolina General Statutes, section 7B-101(15).
>
> DSS filed a petition to terminate respondent's parental rights on 1 December 2006. A summons was issued to respondent, but it was returned unserved on 6 December 2006. That original summons has no endorsement. Neither a new summons nor an alias and pluries summons was issued. On 12 September 2007, respondent signed a document purporting to accept service of a summons and petition. No summons was issued to or served upon N.E.L., nor was any summons served upon a guardian *ad litem* on his behalf.
>
> On 24 October 2007, the trial court held a hearing on the termination of respondent's parental rights. In its order filed 30 October 2007, the trial court made findings of fact and concluded as a matter of law that grounds existed to terminate respondent's parental rights and that it was in N.E.L.'s best interests to do so. Therefore, the trial court terminated respondent's parental rights. Respondent appeals.

*In re N.E.L.*, 197 N.C. App. 395, 395-96, 676 S.E.2d 907, 907-08 (2009).

**[1]** Respondent first contends that, because the summons she received was invalid, the trial court did not acquire subject matter jurisdiction in this case. We disagree.

According to our Rules of Civil Procedure, "Personal service . . . must be made within 60 days after the date of the issuance of summons." N.C. Gen. Stat. § 1A-1, Rule 4(c) (2007). "When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either [an endorsement or an alias and pluries summons]." N.C. Gen. Stat. § 1A-1, Rule 4(d) (2007). "When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed." N.C. Gen. Stat. § 1A-1, Rule 4(e) (2007).

Our Supreme Court has addressed whether noncompliance with North Carolina General Statutes, section 1A-1, Rule 4 ("Rule 4") affects a court's subject matter jurisdiction or solely personal jurisdiction over a party. *See In re K.J.L.*, 363 N.C. 343, 677 S.E.2d 835 (2009). In neglect and dependency proceedings, a court's subject matter jurisdiction is conferred by statute. N.C. Gen. Stat. §§ 7B-200, -1101 (2007). "[A] court's lack of subject matter jurisdiction is not waivable and can be raised at any time." *In re K.J.L.*, 363 N.C. at 346, 677 S.E.2d at 837 (citing N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (2007)).

"Conversely, a court's jurisdiction over a person is generally achieved through the issuance and service of a summons." *Id.* (citing *Peoples v. Norwood*, 94 N.C. 167, 172 (1886)). "Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner." *Id.* (citing N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2007)). Our Supreme Court has emphasized that "[b]ecause the summons affects jurisdiction over the person rather than the subject matter, this Court has held that a general appearance by a civil defendant 'waive[s] any defect in *or nonexistence of* a summons.'" *Id.* at 347, 677 S.E.2d at 837 (quoting *Dellinger v. Bollinger*, 242 N.C. 696, 698, 89 S.E.2d 592, 593 (1955) (emphasis added)). Based upon the foregoing, our Supreme Court "appear[s] to have rejected the application of Rule 4(e) of the North Carolina Rules of Civil Procedure in all cases under the Juvenile Code." *In re J.D.L.*, —— N.C. App. ——, ——, 681 S.E.2d 485, 489 (2009).

Here, respondent clearly received improper service pursuant to Rule 4. A valid summons was issued on 1 December 2006, but respondent could not be located in order to be served. Nothing in the record shows the existence of any alias or pluries summons, endorsement, or other extension, nor does it show the existence of a new summons. Respondent finally purported to accept service of the original summons on 12 September 2007—285 days after the summons was issued. Notwithstanding this clear violation of Rule 4, respondent filed an answer to the petition to terminate her parental rights and failed to object to the court's jurisdiction over her, thereby waiving any challenge she may have had to personal jurisdiction. She also appeared, presented evidence, and was represented by counsel at the 24 October 2007 hearing. Based upon our Supreme Court precedent that "the summons affects jurisdiction over the person rather than the subject matter," *id.*, and respondent's participation in the case without raising the issue of personal jurisdiction, we hold that

**IN RE N.E.L.**

[202 N.C. App. 576 (2010)]

the trial court did not err in exercising jurisdiction over respondent in this action.

**[2]**  Respondent's second argument, which we did not address in the original opinion, is that the trial court lacked subject matter jurisdiction because neither N.E.L. nor his guardian *ad litem* ("GAL") was issued or received a summons. We disagree.

North Carolina General Statutes, section 7B-1106(a) provides

upon the filing of the petition, the court shall cause a summons to be issued. The summons shall be directed to . . . :

. . . .

(2)  Any person who has been judicially appointed as guardian of the person of the juvenile.

(3)  The custodian of the juvenile appointed by a court of competent jurisdiction.

N.C. Gen. Stat. § 7B-1106(a) (2007). As noted, *supra*, our Supreme Court has held that "[b]ecause the purpose of the summons is to obtain jurisdiction over the parties to an action and not over the subject matter, summons-related defects implicate personal jurisdiction and not subject matter jurisdiction." *In re K.J.L.*, 363 N.C. at 348, 677 S.E.2d at 838. Furthermore, in a case similar to the case *sub judice*, the Supreme Court emphasized that

[i]t is inconsequential to the trial court's subject matter jurisdiction that no summons named any of the three juveniles as respondent and that no summons was ever served on the juveniles or their GAL. These errors are examples of insufficiency of process and insufficiency of service of process, respectively, both of which are defenses that implicate personal jurisdiction and thus can be waived by the parties.

*In re J.T.*, 363 N.C. 1, 4, 672 S.E.2d 17, 19 (2009). "[A] general appearance by a civil defendant 'waive[s] any defect in *or nonexistence of* a summons.' " *In re K.J.L.*, 363 N.C. at 347, 677 S.E.2d at 837 (quoting *Dellinger v. Bollinger*, 242 N.C. 696, 698, 89 S.E.2d 592, 593 (1955) (emphasis added)).

In the instant case, neither N.E.L. nor his GAL was issued or received a summons. Nonetheless, the GAL fully participated in the termination of parental rights hearing by filing a report and by appearing, via counsel, at the 24 October 2007 hearing. Accordingly,

we hold that the GAL waived any objection she may have had to the trial court's exercise of personal jurisdiction over the juvenile.

We hold that both respondent and N.E.L., through his GAL, waived any challenge they may have had to the trial court's exercise of jurisdiction by appearing in person or by representative at the 24 October 2007 hearing.

Affirmed.

Judges WYNN and HUNTER, Jr., Robert N. concur.