Wright v. LoRusso, 2022 NCBC 18.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

NANCY WRIGHT; GREG WRIGHT;
and JODY STANSELL, individually
and as members of LORUSSO
VENTURES, LLC d/b/a
CINCH.SKIRT,

Plaintiffs,

v.

KRISTA LORUSSO, individually and
as a member-manager of LORUSSO
VENTURES, LLC d/b/a
CINCH.SKIRT,

Defendant,

v.

LORUSSO VENTURES, LLC d/b/a
CINCH.SKIRT,

Nominal
Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 10612

**ORDER AND OPINION ON NOMINAL
DEFENDANT LORUSSO VENTURES,
LLC'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT**

*Miller Law Group, PLLC, by W. Stacy Miller, II, and Law Office of
Matthew I. Van Horn, PLLC, by Matthew I. Van Horn, for Plaintiffs
Nancy Wright, Greg Wright, and Jody Stansell.*

*Leonard G. Kornberg, P.A., by Leonard G. Kornberg, for Defendant
Krista LoRusso.*

*Higgins & Owens, PLLC, by Sara W. Higgins, for Nominal Defendant
LoRusso Ventures, LLC.*

Conrad, J.

1.     LoRusso Ventures, LLC is a small business that makes bed skirts for use in

hotels.  It goes by the name Cinch.Skirt and has just four members.  In this action,

three members (Nancy Wright, Greg Wright, and Jody Stansell) joined together to

sue the fourth (Krista LoRusso), asserting a mix of direct and derivative claims rooted

in allegations of fraud and mismanagement. LoRusso responded with counterclaims for everything from breach of contract to computer trespass. Discovery is ongoing, and the merits of these claims and counterclaims are not yet at issue.

2. This decision concerns, instead, a procedural miscue. Cinch.Skirt, appearing as a nominal defendant, contends that the Wrights and Stansell neglected to serve it with a summons in timely fashion. It has moved to be dismissed from the case as a result. (ECF Nos. 97, 98.)

3. Procedural missteps have stymied this litigation from its start in August 2020. Indeed, the original complaint was defective. (*See* ECF No. 3.) Because an LLC is "a necessary party to any litigation brought derivatively in its name," the Wrights and Stansell should have named Cinch.Skirt as a nominal defendant. *Swenson v. Thibaut*, 39 N.C. App. 77, 98 (1978). They didn't, necessitating an amendment.

4. After amending the complaint to add Cinch.Skirt, the Wrights and Stansell obtained a summons issued to the company but didn't immediately serve it. Sixty days elapsed, and the summons became "dormant." *Valentine v. Solosko*, 270 N.C. App. 812, 815 (2020) (quoting *Dozier v. Crandall*, 105 N.C. App. 74, 75 (1992)). At that point, the Wrights and Stansell could have bought more time by getting an endorsement from the clerk of court or obtaining an alias or pluries summons. *See id.* (discussing N.C. R. Civ. P. 4(d)). They did neither, inexplicably letting the summons expire. It was this expired summons that the Wrights and Stansell eventually served on Cinch.Skirt in May 2021—nearly six months after it was issued.

5.	A series of motions followed. LoRusso (who apparently had received proper service of process) moved to dismiss most of the claims against her for failure to state a claim for relief. (*See* ECF Nos. 18, 19.) More pertinent here, Cinch.Skirt filed its own motion to dismiss based on the belated service of the expired summons. (*See* ECF Nos. 23, 24.) These motions were scheduled to be argued, but on the eve of the hearing, the Wrights and Stansell moved to amend their complaint a second time. (ECF No. 60.) With consent from LoRusso and Cinch.Skirt, the Court granted leave to amend, denied the motions to dismiss without prejudice as moot, and directed the Wrights and Stansell to file their second amended complaint by 3 December 2021. (ECF No. 64.) That deadline passed without a filing. Five days delinquent, the Wrights and Stansell filed the second amended complaint. (*See* 2d Am. Compl., ECF No. 65.) They did not obtain a new summons issued to Cinch.Skirt.

6.	Renewing its motion to dismiss, Cinch.Skirt now contends that service of the expired summons in May 2021 was a nullity, that it has never received service of a valid summons, and that the action is therefore discontinued as to the company (but not LoRusso). It has a point. The Wrights and Stansell concede that they failed to serve the summons on time. Their only defense—waiver—is baseless. After accepting service of the expired summons through counsel, Cinch.Skirt objected to the sufficiency of process and moved for dismissal at the very first opportunity. That is hardly a waiver. Troubling too is that the Wrights and Stansell raised this defense in a late-filed brief, continuing a pattern of missed deadlines and disdain for procedural rules.

7.      Even so, dismissal is the wrong remedy, at least in this case. Yes, failure to serve Cinch.Skirt within the time allotted means that this action was discontinued as to the company. *See, e.g., Dozier*, 105 N.C. App. at 78. But discontinuance is not definitive. Usually, the plaintiff can fix the error simply by obtaining and serving a new summons; the action then resumes and is "deemed to have commenced from th[e] date" the new summons is issued. *Id.* Moreover, Cinch.Skirt is a necessary party due to the presence of derivative claims on its behalf. Any dismissal would be short-lived, perhaps requiring the Court to act on its own motion to rejoin the company as a party. *See, e.g., White v. Pate*, 308 N.C. 759, 764 (1983); *Rice v. Randolph*, 96 N.C. App. 112, 113 (1989).

8.      To avoid more disruption and delay, the better course is to ensure now that Cinch.Skirt is served as a nominal defendant rather than dismiss it and rejoin it later. No prejudice would result. In theory, the date the action is deemed to have commenced might implicate the statute of limitations, but that seems unlikely given that the company has no claims against it. (*See* 2d Am. Compl. ¶ 117.) And in any event, under *Dozier*, when the action is deemed to have commenced as to Cinch.Skirt depends on when Cinch.Skirt is properly served with process, not whether it is or is not dismissed from the case in the interim. 105 N.C. App. at 78.

9.      Thus, the Court **ORDERS** that the Wrights and Stansell shall obtain and serve summons on Cinch.Skirt on or before 5 May 2022. Having done so, the Court **DENIES** the motion to dismiss as moot.

**SO ORDERED**, this the 22nd day of April, 2022.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases