MARY FRANKLIN CARTER COLE v. JAMES DURRELL COLE

No. 774DC934

(Filed 29 August 1978)

Process § 3— service after 30 days—no extension of time or alias or pluries summons

    The trial court was without jurisdiction to enter judgment against defendant where process was served on defendant more than thirty days after it was issued, the summons was not endorsed for an extension of time, and no alias or pluries summons was issued.

APPEAL by defendant from *Turner, Judge.* Order entered 23 September 1977 in District Court, ONSLOW County. Heard in the Court of Appeals 23 August 1978.

*Joseph C. Olschner, for plaintiff appellee.*

*Cherry and Wall, by James J. Wall, for defendant appellant.*

VAUGHN, Judge.

The appeal stems from defendant's efforts to set aside a judgment rendered against him in the District Court of Onslow County.

Plaintiff caused summons to be issued in this action for alimony on 25 August 1975. Defendant at that time lived in

Albany, Georgia, where the summons was served on him personally on 4 October 1975. The summons was not endorsed for an extension of time, nor was an alias or pluries summons issued. On 11 November 1975, judgment was entered awarding plaintiff the sum of $500 per month alimony to be secured by a lien on plaintiff's real property in Onslow County.

Defendant moved under Rule 60(b) to set aside the judgment. The motion was based on the court's lack of personal jurisdiction over him due to the passage of more than 30 days between the time the summons was issued and was served. The motion was not allowed.

No useful purpose would be served by a discussion of the procedural posture this case has taken in the District Court. It suffices to say that the judgment should have been set aside. It is clear on the face of the original summons that the defendant was served with process more than thirty days after it was issued. No extension of time was obtained, nor was defendant served with alias or pluries summons. G.S. 1A-1, Rule 4(e) provides that "[w]hen there is neither endorsement by the clerk nor issuance of alias or pluries summons . . . , the action is discontinued as to any defendant not theretofore served with summons within the time allowed." Where the summons is not served within the statutory period, it loses its vitality and does not confer jurisdiction over the person of the defendant. There is no statutory authority for the service of summons after the date fixed for its return. *Webb v. Seaboard Air Line Railroad Co.*, 268 N.C. 552, 151 S.E. 2d 19 (1966); *see also Byrd v. Trustees of Watts Hospital, Inc.*, 29 N.C. App. 564, 225 S.E. 2d 329 (1976). Thus the court was without jurisdiction to enter judgment against defendant on 11 November 1975. This judgment, being void, must be set aside.

Defendant has not waived his objections to the judgment. "A general appearance to move to vacate a void judgment does not validate a judgment rendered without service of process. 'A nullity is a nullity, and out of nothing nothing comes.'" *City of Monroe v. Niven,* 221 N.C. 362, 365, 20 S.E. 2d 311, 313 (1942), (quoting from *Harrell v. Welstead,* 206 N.C. 817, 819, 175 S.E. 283 (1934) ). The judgment, being void, was not validated by subsequent acts of the court.

The order entered 23 September 1977 is reversed, and the cause is remanded for entry of a judgment vacating the judgment dated 7 November 1975 and filed 11 November 1975.

Reversed and remanded.

Judges MARTIN and MITCHELL concur.