CAROLINA NARROW FABRIC COMPANY, Successor to Carolina Insulating Yarn Company v. ALEXANDRIA SPINNING MILLS, INC., WILLIAM A. POPP AND ASSOCIATES, INC., and WILLIAM A. POPP

No. 7821SC998

(Filed 4 September 1979)

**Rules of Civil Procedure § 4— service of summons 31 days after issuance—invalidity**

Pluries summons which was issued on 16 June 1977 and served on defendants on 19 July 1977 was insufficient to bring defendants into court and entry of default against them was therefore invalid, since service of the summons was made on the thirty-first day, as computed under G.S. 1A-1, Rule 6, rather than within thirty days as required by G.S. 1A-1, Rule 4(c).

APPEAL by defendants William A. Popp and Associates, Inc. and William A. Popp from *McConnell, Judge*. Order entered 24 May 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 20 August 1979.

Plaintiff instituted this action to recover on a promise to pay $15,141.31 for services rendered to defendant Alexandria Spinning Mills, Inc. in the dyeing of yarn. Summons was issued 1 July 1976 against defendants William A. Popp and Associates, Inc. and William A. Popp. This summons was returned unserved 6 August 1976. Alias summons was issued 17 September 1976 and returned unserved 9 November 1976. Pluries summons was issued 16 June 1977, and served on William A. Popp and Associates, Inc. and William A. Popp on 19 July 1977.

Defendants failed to file any pleading and plaintiff was granted entry of default against William A. Popp and Associates, Inc. and William A. Popp individually on 19 August 1977. On 6 September 1977, these defendants filed motion to set aside the entry of default, alleging that because of insufficiency of service the court did not have jurisdiction over the person of either defendant. This motion was denied by order of the superior court on 24 May 1978, and defendants appealed.

*Adams, Hendon & Carson, by George W. Saenger, for defendant appellants.*

*No counsel contra.*

MARTIN (Harry C.), Judge.

The pluries summons served upon appellants was issued Thursday, 16 June 1977, and served Tuesday, 19 July 1977, the thirty-third day after issuance of the summons. N.C.G.S. 1A-1, Rule 6(a), contains the method for computing any period of time under the Rules of Civil Procedure. Personal service of a summons must be made within thirty days after the date of issuance of the summons. N.C. Gen. Stat. 1A-1, Rule 4(c). In applying Rule 6 to the pluries summons in this case, the date of issuance, 16 June 1977, is not counted in determining the thirty-day period. The last day to be computed, the thirtieth, fell on Saturday. Therefore, under Rule 6, the thirtieth day became Monday, 18 July 1977. Service was made on the 19th day of July, the thirty-first day, under Rule 6, after the issuance of summons.

Is the service of the pluries summons on these defendants, more than thirty days after the date on which it was issued, sufficient to bring them into court and to render entry of default

based thereon valid and binding? Our Supreme Court has answered this question "no," in *Green v. Chrismon*, 223 N.C. 724, 28 S.E. 2d 215 (1943). The Court held that by the failure of service within the time prescribed the summons loses its vitality. It becomes *functus officio*. The statute contains no authority for service of summons after the date therein fixed for its return.

After the return day the summons lost its vitality and service made thereafter could not confer upon the court jurisdiction over the appellants. *Hatch v. R.R.*, 183 N.C. 617, 112 S.E. 529 (1922).

In order to obtain personal service, Rule 4(c) requires the summons *must* be served within thirty days after the date of the issuance of the summons. Service thereafter is ineffective. *Webb v. R.R.*, 268 N.C. 552, 151 S.E. 2d 19 (1966). Such service did not confer jurisdiction over the person of the defendants. As the court was without jurisdiction to make entry of default against defendants on 19 August 1977, the entry is void and must be set aside. *Cole v. Cole*, 37 N.C. App. 737, 247 S.E. 2d 16 (1978).

The order of the court dated 24 May 1978 is reversed, and the case is remanded for entry of an order vacating the entry of default against appellants dated 19 August 1977.

Chief Judge MORRIS and Judge PARKER concur.