BRENDA LEMONS v. OLD HICKORY COUNCIL, BOY SCOUTS OF AMERICA, INC.

No. 438PA87

(Filed 5 May 1988)

1. **Process § 3; Rules of Civil Procedure § 6— service of summons—retroactive extension of time after summons functus officio**

    Rule 6(b) gives trial courts the discretion, upon a finding of "excusable neglect," retroactively to extend the time provided in Rule 4(c) for serving a summons after it has become *functus officio.*

2. **Appeal and Error § 63— failure to exercise discretion—mistake of law—remand**

    When a trial court has failed to exercise its discretion regarding a discretionary matter and has ruled on it under the mistaken impression it is required to rule a particular way as a matter of law, its holding must be reversed and the matter remanded for the trial court to exercise its discretion.

    Justice MARTIN dissenting.

    Chief Justice EXUM and Justice MEYER join in this dissent.

ON plaintiff's petition for discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Ap-

peals, 86 N.C. App. 376, 358 S.E. 2d 139 (1987), affirming an order entered by *Rousseau, J.,* at the 21 October 1986 Civil Session of Superior Court, FORSYTH County. Heard in the Supreme Court on 10 February 1988.

*Bailey & Dixon, by David M. Britt, Gary S. Parsons, and Alan J. Miles; Bell, Davis & Pitt, P.A., by William K. Davis, for the plaintiff appellant.*

*Petree, Stockton & Robinson, by G. Gray Wilson and R. Rand Tucker, for the defendant appellee.*

MITCHELL, Justice.

This is an action involving interpretation of the statutory time periods for service of process under the North Carolina Rules of Civil Procedure. Specifically, we must decide in this case whether the Court of Appeals erred in affirming the trial court's order that denied the plaintiff's motion for an extension of time to serve an alias summons and dismissed the action. The trial court's order was based upon its conclusion that, as a matter of law, it was without authority to grant the plaintiff's motion for an extension of time under N.C.G.S. § 1A-1, Rule 6(b) to serve an alias summons on the defendant. In this case of first impression, we conclude that Rule 6(b) gives our trial courts the discretion to extend the time provided in Rule 4(c) for service of a summons. Accordingly, we reverse the Court of Appeals' decision.

The plaintiff, Brenda Lemons, allegedly was injured on 15 May 1982 when a twenty-foot wooden log being used as a flagpole fell and struck her on the head while it was being taken down under the defendant's supervision. The plaintiff contends that her injuries were caused by the negligence of the defendant, its agents, and its employees.

On 21 March 1984, the plaintiff commenced an action against the defendant seeking to recover for her injuries. This action was terminated on 6 February 1985 by voluntary dismissal without prejudice pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1).

The present action was commenced on 6 February 1986 by the filing of a complaint and issuance of a summons. The initial summons was returned unserved, and an alias summons was is-

sued on 2 May 1986. This alias summons was delivered to the Forsyth County Sheriff's Office on 2 June 1986 for service and was served on 5 June 1986, after the thirty days allowed for service of process under Rule 4(c) had expired.

On 23 June 1986, the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted, lack of personal jurisdiction, insufficient process, and insufficient service of process. The defendant subsequently was served with an alias summons issued on 10 September 1986. Because this summons was not obtained within ninety days after the issuance of the last preceding summons, however, the action did not relate back to the original summons under Rule 4(d), and the statute of limitations had expired.

On 13 October 1986, the plaintiff filed a motion for a retroactive extension of time, *nunc pro tunc*, from 2 June to 6 June 1986 to serve the 2 May 1986 alias summons. After hearing the motions, the trial court found that the alias summons served on the defendant was issued on 2 May 1986 and that the plaintiff's failure to obtain service of this summons until 5 June 1986 resulted from "excusable neglect." The court nonetheless denied the plaintiff's motion for an extension of time and allowed the defendant's motion to dismiss, noting that Rule 4(c) requires that service of a summons be accomplished within thirty days after its issuance. The trial court specifically stated in its order dismissing the action that, if permitted under Rule 6(b), it would exercise its discretion and enlarge the time for service of the alias summons in question. The trial court concluded, however, that "as a matter of law, Rule 6(b) of the North Carolina Rules of Civil Procedure does not confer upon the Court the authority to permit an enlargement of the time within which service is to be completed pursuant to Rule 4(c) and (d) . . . ." The Court of Appeals, in an unpublished decision, affirmed the trial court's order dismissing this action.

[1] On appeal the plaintiff argues that under Rule 6(b) trial courts have discretionary authority to extend the time provided in Rule 4(c) for service of a summons. Therefore, she argues that the trial court erred in ruling as a matter of law that it was without authority to grant her motion.

The defendant argues, however, that the plaintiff's contention that Rule 6(b) gives the trial courts broad authority to enlarge the time period provided in Rule 4(c) for the service of a summons is misplaced. Rule 4(c) requires that personal service of a summons be made in cases such as this within thirty days after its issuance. Yet the alias summons in the present case was not served until thirty-four days after its issuance. It is well settled that when a summons is not served within the required thirty days of issuance, it loses its effectiveness and becomes *functus officio, Greene v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215 (1943), and service obtained thereafter does not confer jurisdiction over the defendant upon the trial court. *Webb v. R.R.,* 268 N.C. 552, 151 S.E. 2d 19 (1966); *Hatch v. R.R.,* 183 N.C. 618, 112 S.E. 529 (1922); *Cole v. Cole,* 37 N.C. App. 737, 247 S.E. 2d 16 (1978). The defendant argues that Rule 6(b) was not intended to give the trial court authority to breathe life back into a summons that has become *functus officio,* and that there is no authority within the North Carolina Rules of Civil Procedure for the service of a summons after the date therein fixed for its return. Therefore, the defendant concludes that the trial court was correct in ruling that it had no authority to enlarge the time within which the 2 May 1986 alias summons was required to be served. We disagree.

We begin our analysis by noting that the line of authority to the effect that a summons not served within the time prescribed is rendered *functus officio* was well established long before the adoption of the new Rules of Civil Procedure, which became effective 1 January 1970. *E.g., Webb v. R.R.,* 268 N.C. 552, 151 S.E. 2d 19 (1966); *Greene v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215 (1943). More importantly, to say that a summons becomes *functus officio* or legally defunct in such circumstances entirely begs the question presented in this case: whether by adopting Rule 6(b), the General Assembly has given our trial courts authority to breathe new life and effectiveness into such a summons retroactively after it has become *functus officio.* We conclude that the General Assembly has given our trial courts such authority by enacting Rule 6(b).

The Rules of Civil Procedure were adopted by the General Assembly at the urging of the North Carolina Bar Association "to eliminate the sporting element from litigation." W. Shuford, N.C.

Civil Practice and Procedure, § 1-3 (3d ed. 1988). The philosophy underlying these rules was that:

> Technicalities and form are to be disregarded in favor of the merits of the case. One of the purposes of the rules was to take the sporting element out of litigation. *No single rule is to be given disproportionate emphasis over another rule which also has application.* Rather, *the rules are to be applied as a harmonious whole.* The rules are designed to eliminate legal sparring and fencing and surprise moves of litigants. The aim is to achieve simplicity, speed and financial economy in litigation. Liberality is the canon of construction.

Sizemore, *General Scope and Philosophy of the New Rules,* 5 Wake Forest Intra. L. Rev. 1, 6 (1968) (emphasis added).

Rule 4 provides for service of process. It requires in cases such as this that a summons be served within thirty days of issuance. If the summons is not served within thirty days, Rule 4(d) permits the action to be continued, so as to relate back to the date of issue of the original summons, by an endorsement from the clerk or issuance of an alias or pluries summons within ninety days of the issuance of the last preceding summons. Any such alias or pluries summons, like the original summons, must be served within thirty days of issuance. Rule 4(e) provides that when there is neither an endorsement nor an alias or pluries summons issued, the action is discontinued as to any defendant who was not served within the time allowed. An endorsement or alias or pluries summons may be obtained thereafter, but the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the alias or pluries summons.

The Rules of Civil Procedure "must be construed in *pari materia.*" *Estrada v. Burnham,* 316 N.C. 318, 323, 341 S.E. 2d 538, 542 (1986). Rule 4 cannot be construed in isolation; rather, it must be interpreted in conjunction with Rule 6, which addresses the computation of any time period prescribed by the Rules of Civil Procedure. Specifically, Rule 6(b) provides:

> When by these rules . . . *an act* is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or

notice order the period enlarged if request therefor is made before expiration of the period originally prescribed or as extended by a previous order. Upon motion made *after the expiration of the specified period,* the judge *may permit the act to be done where the failure to act was the result of excusable neglect.* Notwithstanding any other provisions of this rule, the parties may enter into binding stipulations without approval of the court enlarging the time, not to exceed in the aggregate 20 days, within which an act is required or allowed to be done under these rules, *provided,* however, that *neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52, 59(b), (d), (e), 60(b),* except to the extent and under the conditions stated in them.

N.C.G.S. § 1A-1, Rule 6(b) (1983) (emphasis added).

Rule 6(b) grants our trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of "excusable neglect." Expressly excepted from this general grant of authority are the time periods specified for motions for judgment notwithstanding the verdict under Rule 50(b), motions to amend findings or to make additional findings under Rule 52, motions for a new trial under Rule 59(b), ordering a new trial on the Court's initiative under Rule 59(d), motions to alter or amend a judgment under Rule 59(e), and motions for relief from judgment under Rule 60(b).

When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning. *Utilities Commission v. Edmisten, Attorney General,* 291 N.C. 451, 232 S.E. 2d 184 (1977); *Underwood v. Howland, Commissioner of Motor Vehicles,* 274 N.C. 473, 164 S.E. 2d 2 (1968). Here, the statutory language of Rule 6(b) is clear and provides that the trial court may extend the time for performance of any acts except those expressly mentioned in the proviso to the rules. By setting out these specific exceptions to the trial court's discretionary power to extend the time specified for doing any act, the General Assembly implicitly excluded all other exceptions. *See Campbell v. Church,* 298 N.C. 476, 482, 259 S.E. 2d 558, 563 (1979) (under the maxim *expressio unius est exclusio alterius,* mention of specific exceptions in a

statute implies the exclusion of others). If the General Assembly had intended to prohibit our trial courts from extending the time for service of a summons, we must assume that it would have inserted such an exception among the limitations it created in the proviso to Rule 6(b), limiting the authority of trial courts to extend time periods for performing certain specified acts. The General Assembly, of course, is always free to add such an exclusion if it desires. Therefore, we hold that pursuant to Rule 6(b) our trial courts may extend the time for service of process under Rule 4(c). *Cf. Norlock v. City of Garland,* 768 F. 2d 654, 658 (5th Cir. 1985) (time limits in Federal Rule 4 may be enlarged by court pursuant to Rule 6(b) ); 4A Wright & Miller, Federal Practice & Procedure, § 1137 at 383-84 (1987).

[2] Here, the trial court mistakenly concluded it was without authority to extend the time for service of the alias summons and, therefore, denied the plaintiff's motion. When a trial court has failed to exercise its discretion regarding a discretionary matter and has ruled on it under the mistaken impression it is required to rule a particular way as a matter of law, its holding must be reversed and the matter remanded for the trial court to exercise its discretion. *State v. Cotton,* 318 N.C. 663, 351 S.E. 2d 277 (1987); *Henry v. Deen,* 310 N.C. 75, 310 S.E. 2d 326 (1984); 1 Brandis on North Carolina Evidence § 28 (1982). Accordingly, the decision of the Court of Appeals, affirming the order of the trial court, must be reversed and this case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Justice MARTIN dissenting.

By holding that a superior court judge may blow the breath of life into a functus officio summons, the majority today has overthrown a constant line of authority extending to the opening of this Court in 1819.

The alias summons in this case was issued on 2 May 1986 and served on 5 June 1986, admittedly not within the time required by statute. Thus, the alias summons became functus officio and plaintiff must then cause a pluries summons to be issued and served in order to avoid a discontinuance of the action. *Williams*

*v. Bray,* 273 N.C. 198, 159 S.E. 2d 556 (1968). Service of a summons after the date of its return is a nullity and the court does not acquire jurisdiction. *Webb v. R.R.,* 268 N.C. 552, 151 S.E. 2d 19 (1966).

The majority states that the above authorities are no longer binding because under Rule 6(b) of the North Carolina Rules of Civil Procedure the trial courts now have authority to "breathe new life and effectiveness into such a summons retroactively after it has become *functus officio.*" The majority overlooks the fact that Rule 6(b) is nothing new to our courts; it basically carries forward the provision of former N.C.G.S. § 1-152 which permitted the trial judges in their discretion to enlarge the time for the doing of any act. *See* N.C.G.S. § 1A-1, Rule 6(b) comment. Although this discretionary power by statute has existed since well before the turn of the century, *see Austin v. Clarke,* 70 N.C. 458 (1874), this is the first time this Court has sought to apply it to a nullity, a functus officio summons. Even with this discretionary authority vested in trial judges, they are not empowered to make something out of nothing.

It is well settled that where the requirements of service are not satisfied, the court is without jurisdiction over the defendant. *Sink v. Easter,* 284 N.C. 555, 202 S.E. 2d 138 (1974). Where the process is void, generally it cannot be amended, because it confers no jurisdiction. *Harris v. Maready,* 311 N.C. 536, 319 S.E. 2d 912 (1984). As Justice Meyer stated in his dissent in *Smith v. Starnes,* 317 N.C. 613, 619, 346 S.E. 2d 424, 428 (1986):

> " '[W]here a statute provides for service of summons or notices in the progress of a cause by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service.' " *Guthrie v. Ray,* 293 N.C. 67, 69, 235 S.E. 2d 146, 148 (1967) (quoting *S. Lowman v. Ballard & Co.,* 168 N.C. 16, 18, 84 S.E. 21, 22 (1915) ).

Rule 4 of the North Carolina Rules of Civil Procedure clearly and specifically sets out the methods for obtaining jurisdiction by the service of process, and this procedure stands alone. By applying Rule 6(b) to revalidate a defunct summons, the majority has in effect amended Rule 4. Rule 6(b) does not address the legal validity of an instrument of process such as a summons but deals with such matters as extensions of time to file pleadings in various

cases. Rule 4 provides a comprehensive, statutory framework for process and extension of time for service that requires no supplement from any other rule. Rule 6 cannot be interpreted to authorize a court to adjudicate matters beyond its jurisdiction, which the court would be attempting to do if it endeavored to authorize the service of a summons beyond the period allowed by statute.

The majority has permitted the trial judge to set aside the statute of limitations in this case retroactively by invoking Rule 6(b). Surely this was not the intent of the General Assembly in adopting the rule.

The majority states that the purpose of the rules was to take the "sporting element" out of the trial of lawsuits. Indeed, this is one of the goals sought by the rules, and close adherence to Rule 4 would serve this purpose by removing the "sporting element" from determining when the court has obtained jurisdiction over the person. Authorizing the trial judge to amend in his discretion the rules with respect to the service of summons after the time for the serving of the summons has expired would indeed foster and encourage the "sporting element" in the trial of lawsuits. Lawyers need definite rules to guide them with respect to the commencement of lawsuits and obtaining jurisdiction over parties. This is done by Rule 4. Injecting the discretionary actions of the trial judge through Rule 6(b) defeats this legislative purpose.

I find that service in this case was obtained upon the defendant on 10 September 1986 and the superior court did not obtain jurisdiction prior to that time. I vote to affirm the decision of the Court of Appeals.

Chief Justice EXUM and Justice MEYER join in this dissent.