IN RE: A.B.D., A MINOR CHILD

No. COA04-941

(Filed 6 September 2005)

**Process and Service— Rule 60(b)(4) motion to set aside order—personal jurisdiction—subject matter jurisdiction—notice—laches**

The trial court abused its discretion by denying respondent's N.C.G.S. § 1A-1, Rule 60(b)(4) motion to set aside a 1999 termination of parental rights order based on untimely service of process and the order terminating his parental rights is reversed, because: (1) the trial court lacked personal jurisdiction since the summons was served more than thirty days after its issuance and respondent made no general appearance in the action; (2) the trial court lacked subject matter jurisdiction since petitioner could have but failed to obtain an endorsement for an extension on the original summons, an alias and pluries summons within 90

days of the summons' issuance, or an N.C.G.S. § 1A-1, Rule 6 extension; (3) although petitioner contends an extension of time within which to serve process was implicit in the termination order, the termination order was entered 116 days after the summons had been issued which was well after the ninety days within which a court may grant any extension for service of process; (4) even where a defendant has notice of a lawsuit, that notice cannot make service of process valid unless the service is in the manner prescribed by statute; and (5) although petitioner contends respondent's delay in seeking to have the order set aside constitutes laches and fault on his part, petitioner cannot show disadvantage, injury, or prejudice in the delay and thus cannot establish laches.

Appeal by Respondent from order entered 16 February 2004 by Judge Michael R. Morgan in District Court, Wake County. Heard in the Court of Appeals 13 June 2004.

*Cheshire, Parker, Schneider, Bryan & Vitale, by Jonathan McGirt, for respondent-appellant.*

*Sally H. Scherer, for petitioner-appellee.*

WYNN, Judge.

Civil Procedure Rule 4 required, at the time this action was instituted, that service of process be effectuated within thirty days of the issuance of a summons. N.C. Gen. Stat. § 1-1A, Rule 4 (1999). Where service does not occur within the required period and an endorsement, extension, or alias/pluries summons is not acquired within ninety days of the summons' issuance, the action is discontinued, the trial court lacks jurisdiction, and any judgment rendered is void. *Cole v. Cole*, 37 N.C. App. 737, 738, 247 S.E.2d 16, 17 (1978). In the case *sub judice*, Respondent contends that service of process was not timely, no extension was obtained, and the order terminating his parental rights as to A.B.D. is thus void. For the reasons stated herein, we agree and reverse the order of the trial court.

*I. Facts*

The record reflects that on 23 July 1999, Petitioner (natural mother of A.B.D.) filed a petition to terminate Respondent's parental rights as to A.B.D. and caused a summons to be issued. Process was served on Respondent personally on 2 September 1999 and by mail on

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

9 September 1999. The record indicates that no extension, endorsement, alias summons, or pluries summons was obtained as to the 23 July 1999 summons.

On 16 November 1999, Respondent's parental rights were terminated. The termination order stated that Respondent did not make an appearance, either personally or through counsel, in the termination proceeding. Respondent did not appeal the termination order.

After his parental rights had been terminated, Respondent brought an action for custody and support of the minor child. On 13 October 2000, Petitioner and Respondent entered into a Consent Order For Custody And Child Support "effectuating their agreements[.]" In the consent order, the parties agreed that "it is in the best interest of the minor child that she remain in the custody of [Petitioner] but that [Respondent] have regular visitation and play an active role in the child's life." Moreover, under the consent order, Respondent was obligated to pay $1055.72 per month in child support for A.B.D. During the hearing on Respondent's Rule 60(b) motion, the parties stipulated that "they have, in essence, complied for the most part with that order."

On 13 November 2002, Respondent brought an action to legitimate A.B.D. The Assistant Clerk of Court entered a legitimation order on 5 February 2003. On 4 December 2003, however, Petitioner moved to have the legitimation order set aside because Respondent's parental rights had previously been terminated. On 18 December 2003, the Assistant Clerk of Court set aside the legitimation order, stating that the legitimation order "was improvidently granted because of the lack of information regarding the termination of parental rights, and the order would not have been issued or granted had the undersigned known of the termination."[1]

On 8 December 2003, Respondent moved to set aside the termination order pursuant to North Carolina Civil Procedure Rule 60(b), contending, *inter alia*, that service of process was invalid, as Defendant was served forty-one days after the issuance of the summons, *i.e.*, not within the thirty-day requirement for service in effect in 1999, when the termination action was filed and the termination order entered. On 16 February 2004, the trial court denied

---

1. This order, and an order issued on 26 April 2004 by Superior Court, Wake County setting aside the legitimation order have been appealed to this Court. The opinion in that matter is being filed simultaneously with this opinion. *Gorsuch v. Dees,* —— N.C. App. ——, —— S.E.2d —— (filed 6 September 2005).

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

Respondent's Rule 60(b) motion, finding that, while service of process occurred forty-one days after the summons had been issued, the action did not discontinue, the summons was not invalid, and Respondent was ultimately properly served. Respondent appealed.

---

On appeal, Respondent contends, *inter alia*, that the trial court erred and abused its discretion in refusing to set aside a 1999 termination of parental rights order under Civil Procedure Rule 60(b)(4) because process was served after forty-one days had passed, the court lacked jurisdiction, and the order is thus void.

### II.  Standard of Review

A trial court's ruling on a Civil Procedure Rule 60(b) motion is reviewable only for an abuse of discretion. *Harris v. Harris*, 162 N.C. App. 511, 513, 591 S.E.2d 560, 561 (2004). An "[a]buse of discretion is shown only when 'the challenged actions are manifestly unsupported by reason.' " *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002), *disc. review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003) (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)).

### III.  Timeliness of the Order on Appeal

Generally, a motion made pursuant to Civil Procedure Rule 60(b) "shall be made within a reasonable time, and for reasons (1),(2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004); *see also, e.g.*, *Jenkins v. Richmond County*, 118 N.C. App. 166, 169, 454 S.E.2d 290, 292 (1995) (stating that a Rule 60(b) motion "must be made within a reasonable time[]"). However, a motion made pursuant to Rule 60(b)(4), to set aside a void judgment, may be made at any time. *See, e.g.*, *Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 689, 567 S.E.2d 179, 184 (2002) ("[A] judgment or order . . . rendered without an essential element such as jurisdiction or proper service of process . . . is void. . . . Because a void judgment is a legal nullity which may be attacked at any time[,]" Rule 60(b) motion was timely. (internal quotations and citation omitted)); *Burton v. Blanton*, 107 N.C. App. 615, 616-17, 421 S.E.2d 381, 383 (1992) ("If a judgment is void, it is a nullity and may be attacked at any time. Rule 60(b)(4) is an appropriate method of challenging such a judgment." (citations omitted)).

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

*IV. Application of Rule 4 to Termination of Parental Rights Proceedings*

As this Court has made clear,

The Rules of Civil Procedure apply to proceedings for termination of parental rights:

> The conclusion that G.S. 1A-1, Rule 17(c)(2), Rules of Civil Procedure, applies [to termination of parental rights proceedings] is inescapable. All remedies in the courts of this State divide into (1) actions or (2) special proceedings. [N.C.]G.S. § 1-1. A proceeding to terminate parental rights is . . . either a civil action or a special proceeding, . . . [and thus] the Rules apply, G.S. 1-393, except where a different procedure may be prescribed by statute.

*In re Clark*, 303 N.C. 592, 598, n.3, 281 S.E.2d 47, 52 n. 3 (1981); *see also In re Hodge*, 153 N.C. App. 102, 105, 568 S.E.2d 878, 880 (2002) ("proceedings under the Juvenile Code are civil in nature, and accordingly, 'proceedings in juvenile matters are to be governed by the Rules of Civil Procedure.'") (quoting *Matter of Bullabough*, 89 N.C. App. 171, 179, 365 S.E.2d 642, 646 (1988)); *In re Brown*, 141 N.C. App. 550, 551, 539 S.E.2d 366, 368 (2000), *cert. denied*, 353 N.C. 374, 547 S.E.2d 809 (2001) ("because a termination of parental rights proceeding is civil in nature, it is governed by the Rules of Civil Procedure unless otherwise provided") (citing *In re Bullabough*, 89 N.C. App. at 179, 365 S.E.2d at 646).

*In re McKinney*, 158 N.C. App. 441, 444-45, 581 S.E.2d 793, 795-96 (2003). Nothing in the Juvenile Code prescribes a different service of process procedure under the circumstances of this case;[2] Civil Procedure Rule 4's service of process requirements therefore apply.

*V. Civil Procedure Rule 4*

North Carolina Civil Procedure Rule 4, which governs process and service of process, is intended to provide notice of the commencement of an action and " 'to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit.'" *Harris v. Maready*, 311 N.C. 536, 541-42, 319 S.E.2d 912, 916 (1984) (quoting *Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 84, 243 S.E.2d 756, 758

---

2. The Juvenile Code does state that where abuse, neglect, or dependency proceedings are pending, service of process pursuant to Civil Procedure Rule 5(b) may be sufficient. *See* N.C. Gen. Stat. § 7B-1102 (2004). Nothing in the record indicates, however, that such proceedings were pending in this case.

(1978)). In 1999, the time when the termination action commenced, Rule 4 stated:

(c) *Summons—Return.*—Personal service or substituted personal service of summons as prescribed by Rule 4(j)(1) a and b must be made within 30 days[3] after the date of the issuance of summons. . . . If the summons is not served within the time allowed upon every party named in the summons, it shall be returned immediately upon the expiration of such time by the officer to the clerk of court who issued it with notation thereon of its nonservice and the reasons therefor as to every such party not served . . . .

(d) *Summons—Extension; endorsement, alias and pluries.*— When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:

(1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Return of the summons so endorsed shall be in the same manner as the original process. Such endorsement may be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

* * *

(e) *Summons—Discontinuance.*—When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed.

N.C. Gen. Stat. § 1-1A, Rule 4.

---

3. A 2001 amendment to Rule 4(c), applicable only to actions filed on or after 1 October 2001, extended the time allowed for service of a summons to sixty days. Because this action was filed in 1999, the former thirty-day requirement applies. *See* 2001 N.C. Sess. Laws 379.

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

### A. Rule 4's Thirty-Day Service Requirement and Personal Jurisdiction

"Jurisdiction has been defined as the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and enforce a judgment. Personal jurisdiction refers to the Court's ability to assert judicial power over the parties and bind them by its adjudication." *Adams, Kleemeier, Hagan, Hannah & Fouts, PLLC v. Jacobs,* 158 N.C. App. 376, 378, 581 S.E.2d 798, 800-01 (internal quotations and citations omitted), *rev'd on other grounds,* 357 N.C. 651, 588 S.E.2d 465 (2003). "[A] court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods." *Fender v. Deaton,* 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998), *disc. review denied,* 350 N.C. 94, 527 S.E.2d 666 (1999); *Grimsley v. Nelson,* 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) ("Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent." (citation omitted)).

As this Court has stated, "[a] summons not served within 30 days loses its vitality and becomes *functus officio,* and service obtained thereafter does not confer jurisdiction on the trial court over the defendant." *Dozier v. Crandall,* 105 N.C. App. 74, 75-76, 411 S.E.2d 635, 636 (1992) (citing *Carolina Narrow Fabric Co. v. Alexandria Spinning Mills, Inc.,* 42 N.C. App. 722, 724, 257 S.E.2d 654, 655 (1979)); *Hollowell v. Carlisle,* 115 N.C. App. 364, 444 S.E.2d 681 (1994) (same); *In re Shermer,* 156 N.C. App. 281, 291, 576 S.E.2d 403, 410 (2003) (reversing a termination of parental rights order on other grounds but stating "[a] defect in service of process is jurisdictional, rendering any judgment or order obtained thereby void. Thus, if service of process on the respondent were defective, the orders . . . would be void, and respondent could be relieved from the judgment.").

Here, service of process took place forty-one days after the issuance of the summons. Service more than thirty days after the summons had been issued violated Rule 4(c), and the summons served had therefore "los[t] its vitality" and could "not confer jurisdiction on the trial court over the defendant." *Dozier,* 105 N.C. App. at 75-76, 411 S.E.2d at 636.

Notably, "any act which constitutes a general appearance obviates the necessity of service of summons and waives the right to challenge the court's exercise of personal jurisdiction over the party making the general appearance." *Lynch v. Lynch,* 302 N.C. 189, 197, 274 S.E.2d 212, 219 (1981) (citations omitted).

Here, the trial court found, and Petitioner did not contest, that Respondent made no appearance in the termination proceeding. Indeed, in her appellate brief, Petitioner stated Respondent "was personally served with summons on two separate occasions but failed to answer or respond in any way. He was served with notice of the hearing but failed to appear." Respondent therefore did not waive the service of process issue by making a general appearance.

In sum, because the summons was served more than thirty days after its issuance, and because Respondent made no general appearance in the action, the trial court lacked personal jurisdiction over Respondent. *Cole*, 37 N.C. App. at 738, 247 S.E.2d at 16-17 ("Where the summons is not served within the statutory period, it loses its vitality and does not confer jurisdiction over the person of the defendant. . . . Thus the court was without jurisdiction to enter judgment against defendant[.]").

### B.  *Rule 4's Ninety-Day Rule and Subject Matter Jurisdiction*

While a summons not served within the requisite thirty days has "los[t] its vitality" and cannot "confer jurisdiction on the trial court over the defendant," *Dozier*, 105 N.C. App. at 75-76, 411 S.E.2d at 636, the action is not yet necessarily discontinued.

> The summons must be served within thirty days after the date of the issuance of the summons. G.S. 1A-1, Rule 4(c). However, the failure to make service within the time allowed does not invalidate the summons. The action may continue to exist as to the unserved defendant by two methods. First, within ninety days after the issuance of the summons or the date of the last prior endorsement, the plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Secondly, the plaintiff may sue out an alias or pluries summons at any time within ninety days after the date of issue of the last preceding summons in the chain of summonses or within ninety days of the last prior endorsement. G.S. 1A-1, Rule 4(d)(1) and (2). Thus, a summons that is not served within the thirty-day period becomes dormant and cannot effect service over the defendant, but may be revived by either of these two methods.

*County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157-58, 323 S.E.2d 458, 461 (1984).

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

In addition to endorsements and alias/pluries summonses, a plaintiff/petitioner may also obtain an extension of time within which to effectuate service of process pursuant to Civil Procedure Rule 6. N.C. Gen. Stat. § 1-1A, Rule 6 (2004); *Hollowell*, 115 N.C. App. 364, 444 S.E.2d 681; *Dozier*, 105 N.C. App. 74, 411 S.E.2d 635. Such an extension may be granted, even after the period within which the summons should have been served, but prior to the passage of ninety days after the issuance of the summons, upon motion and a showing of excusable neglect. *Id.*

Here, while service of process took place forty-one days after the issuance of the summons and thus violated Rule 4(c)'s thirty-day requirement, Petitioner's action need not have been discontinued. Petitioner could have obtained an endorsement for an extension on the original summons, could have obtained alias and pluries summonses, or could have moved for an extension pursuant to Civil Procedure Rule 6. These things Petitioner did not do: The trial court found that no endorsement on the original summons was obtained, no alias or pluries summons was issued, and nothing in the record before us indicates that Petitioner moved for or obtained a Rule 6 extension.

The consequence of not obtaining an endorsement, extension, or alias/pluries summons within ninety days after the issuance of the summons is the discontinuation of the action.

> Rule 4(e) specifically provides that where there is neither endorsement nor issuance of alias or pluries summons within 90 days after issuance of the last preceding summons, *the action is discontinued* as to any defendant not served within the time allowed *and treated as if it had never been filed. Johnson v. City of Raleigh*, 98 N.C. App. 147, 148-49, 389 S.E.2d 849, 851, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). Under Rule 4(e), either an extension can be endorsed by the clerk or an alias or pluries summons can be issued after the 90 days has run, but "the action is deemed to have commenced, as to such a defendant, on the date of the endorsement or the issuance of the alias or pluries summons." *Lemons*, 322 N.C. at 275, 367 S.E.2d at 657. *Thus, when plaintiff failed to have this action continued through endorsement or issuance of alias or pluries summons within 90 days, this action was discontinued.*

*Dozier*, 105 N.C. App. at 78, 411 S.E.2d at 638 (emphasis added). Stated differently,

Defective or failed original service in a suit may be remedied by endorsement of the original summons or by application for alias and pluries summons within ninety days of original issue or last endorsement. N.C.G.S. § 1A-1, Rule 4(d) (1989). *If a party fails to use either method to extend time for service, the suit is discontinued, and treated as if it had never been filed.* Rule 4(e); *Hall,* 44 N.C. App. at 26-27, 260 S.E.2d at 158. *If a new summons is issued after the original suit is discontinued, it begins a new action.* Rule 4(e); *Everhart v. Sowers,* 63 N.C. App. 747, 751, 306 S.E.2d 472, 475 (1983).

*Johnson,* 98 N.C. App. at 148-49, 389 S.E.2d at 851 (emphasis added).

Because Petitioner failed to obtain an endorsement, extension, or alias/pluries summons within ninety days after the issuance of the summons, the termination of parental action should have been "treated as if it had never been filed." *Id.* And where an action has not been filed, a trial court necessarily lacks subject matter jurisdiction.

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Haker-Volkening v. Haker,* 143 N.C. App. 688, 693, 547 S.E.2d 127, 130 (citing 1 Restatement (Second) of Judgments § 11, at 108 (1982)), *disc. review denied,* 354 N.C. 217, 554 S.E.2d 338 (2001). "Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur,* 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citing W. Shuford, *N.C. Civil Practice and Procedure* § 12-6 (1981)).

*In re N.R.M., T.F.M.,* 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004) (quoting *In re McKinney,* 158 N.C. App. at 443, 581 S.E.2d at 795).

"[A] trial court's general jurisdiction over the type of proceeding or over the parties does not confer jurisdiction over the specific action." *In re McKinney,* 158 N.C. App. at 447, 581 S.E.2d at 797 (citation omitted). " 'Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question.' " *Id.* at 444, 581 S.E.2d at 795 (quoting *In re Transp. of Juveniles,* 102 N.C. App. 806, 808, 403

**IN RE A.B.D.**

[173 N.C. App. 77 (2005)]

S.E.2d 557, 558-59 (1991)). As this Court made plain in *In re Transp. of Juveniles*, 102 N.C. App. at 808, 403 S.E.2d at 558-59,

> A court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party presents the controversy to it, and then, only if it is presented in the form of a proper pleading. 20 Am. Jur. 2d Courts § 94 (1965). Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question. *Id. See Carolina Freight Carriers Corp. v. Local 61, International Bhd. of Teamsters*, 11 N.C. App. 159, 180 S.E.2d 461, *cert. denied*, 278 N.C. 701, 181 S.E.2d 601 (1971) (holding that "the filing of a complaint or the issuance of summons pursuant to G.S. 1A-1, Rule 3, [was] a condition precedent to the issuance of an injunction or restraining order." 11 N.C. App. at 161, 180 S.E.2d at 463). *See also* N.C. Gen. Stat. § 7A-193 (1989) (stating in pertinent part, that, "A civil action is commenced by filing a complaint with the court.").

> It is clear in this case that no action or proceeding had been commenced. We conclude that without an action pending before it, the district court was without jurisdiction to enter an order . . . .

In this case, after ninety days had passed without the issuance of an endorsement, extension, or alias/pluries summons, the termination of parental rights action should have been "treated as if it had never been filed." *Johnson*, 98 N.C. App. at 148-49, 389 S.E.2d at 851. Because the termination petition was, for all intents and purposes, not filed after ninety days past the summons' 23 July 1999 issuance, the trial court had no subject matter jurisdiction to enter the termination order on 16 November 1999, 116 days after the summons had been issued.

In sum, because the summons was served more than thirty days after its issuance, and because Respondent made no general appearance in the action, the trial court lacked personal jurisdiction over Respondent. *Cole*, 37 N.C. App. at 738, 247 S.E.2d at 16-17 ("Where the summons is not served within the statutory period, it loses its vitality and does not confer jurisdiction over the person of the defendant. . . . Thus the court was without jurisdiction to enter judgment against defendant[.]"). And because no endorsement, extension, or alias/pluries summons was obtained within ninety days of the summons' issuance, the termination action, for all intents and purposes, was not filed after ninety days past the summons' 23 July

1999 issuance. *Johnson*, 98 N.C. App. at 148-49, 389 S.E.2d at 851. The trial court therefore had no subject matter jurisdiction to enter the termination order. *In re Transp. of Juveniles*, 102 N.C. App. at 808, 403 S.E.2d at 558-59. Because the trial court lacked both personal and subject matter jurisdiction at the time it entered the termination order, the order is clearly void, and the trial court abused its discretion in denying Respondent's motion to set aside the termination order as void pursuant to Civil Procedure Rule 60(b)(4).

## VI. *Petitioner's Arguments*

Petitioner contends that an extension of time within which to serve process was "implicit in the [termination] order itself, so the absence of a written motion or order extending time is of no significance." We disagree, not least because the termination order was entered 116 days after the summons had been issued, *i.e.*, well after the ninety days within which a court may grant any extension for service of process. *Dozier*, 105 N.C. App. at 75-78, 411 S.E.2d at 636-38.

Petitioner also contends that because Respondent had notice of the termination proceeding, there was adequate service of process. Again, we disagree. Even where a defendant has notice of a lawsuit, that notice cannot make service of process valid "unless the service is in the manner prescribed by statute." *Stone v. Hicks*, 45 N.C. App. 66, 67, 262 S.E.2d 318, 319 (1980) (citing *Carolina Plywood Distribs., Inc. v. McAndrews*, 270 N.C. 91, 153 S.E.2d 770 (1967)); *see also, e.g., Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E.2d 146, 148 (1977) ("Where a statute provides for service of summons or notices . . . by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service." (quotation omitted)).

Petitioner also argues that Respondent's delay in seeking to have the order set aside "constitutes laches and fault on his part, so relief, even were it appropriate, cannot now be granted." Yet again, we disagree. First, this Court has stated that "[w]hile some jurisdictions have allowed laches to breathe life into a void judgment, we believe the better view is not to apply the doctrine to a void . . . judgment. We are wary of any result that allows for the enforcement of a void judgment." *Jenkins v. Richmond County*, 99 N.C. App. 717, 722, 394 S.E.2d 258, 262 (1990) (internal citation omitted). Moreover, our Supreme Court has made clear that " 'the mere passage or lapse of time is insufficient to support a finding of laches; for the doctrine of laches to be sustained, the delay must be shown to be unreasonable

and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke it.' " *Williams v. Blue Cross Blue Shield of N.C.*, 357 N.C. 170, 182, 581 S.E.2d 415, 424-25 (2003) (citations omitted). Here, Petitioner entered into a consent order stating that "it is in the best interest of the minor child that . . . [Respondent] have regular visitation and play an active role in the child's life." Under the consent order, Respondent was given extensive visitation privileges as to A.B.D., including visitation on Father's Day, and Petitioner accepted substantial monthly child support for A.B.D. from Respondent. Under these circumstances, Petitioner cannot show "disadvantage, injury or prejudice" in the delayed setting aside of the order terminating Respondent's parental rights and thus cannot establish laches. *Williams*, 357 N.C. at 182, 581 S.E.2d at 424-25.

## VII. Conclusion

In sum, because the trial court first lacked personal jurisdiction over Respondent and then lacked subject matter jurisdiction, the order terminating Respondent's parental rights is void. The trial court therefore abused its discretion in denying Respondent's Rule 60(b)(4) motion, and that order is reversed.

Reversed.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.