IN RE: D.B., C.B.
No. COA06-1426
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Janet K. Ledbetter for respondent-father appellant.
Katharine Chester for respondent-mother appellant.
Staff Attorney Elizabeth Kennedy-Gurnee, for Cumberland County Department of Social Services appellee.
Attorney Advocate Beth A. Hall for Guardian ad Litem.
McCULLOUGH, Judge.
Respondents appeal the trial court's order terminating their parental rights.
On 30 September 2004, a petition to terminate respondents' parental rights as to C.B. and D.B. was filed in Cumberland County District Court. The petition set forth that respondents stipulated that the minor children were neglected at the time of the filing of the verified petition based on domestic violence problems between respondents and that C.B. and D.B. were adjudicated neglected on 31 March 2003. The petition further stated that respondents failed to alleviate the conditions which led to removal, failed to comply with the Family Services Case Plan and that respondents' rights as to the juveniles should be terminated.
A hearing was held on the petition to terminate respondents' parental rights on 14 December 2005 and the court thereafter entered an order terminating the parental rights of respondents on 9 January 2006. From entry of this order, respondents appeal.
Respondent-mother and respondent-father contend on appeal that the lower court's order must be vacated due to lack of subject matter jurisdiction by the lower court. Specifically, respondents contend the lower court was deprived of subject matter jurisdiction where respondents were not served with a valid summons and the action was discontinued.
In the instant case, a summons was issued on 7 October 2004 as to respondent-mother and respondent-father but was never served upon either party. A second summons was thereafter issued on 18 October 2004 and was served on respondent-mother the same day. Respondent-mother contends that, because the original summons was never served and the second summons was not issued by endorsement or as an alias and pluries summons, that the action was discontinued due to failure to serve a valid summons and the trial court lacked subject matter jurisdiction. After that time two new summons where issued as to respondent-father on 26 January 2005 and 31 January 2005. Respondent-father was served with the first summons on 30 January 2005 and the second on 31 January 2005. Respondent-father also argues that the action was discontinued due to failure to serve a valid summons, and therefore the trial court lacked subject matter jurisdiction.
This Court has made clear that the Rules of Civil Procedure apply to proceedings for the termination of parental rights. In re A.B.D., 173 N.C. App. 77, 81, 617 S.E.2d 707, 710 (2005); see also In re Hodge, 153 N.C. App. 102, 105, 568 S.E.2d 878, 880 (2002) ("proceedings under the Juvenile Code are civil in nature, and accordingly, 'proceedings in juvenile matters are to be governed by the Rules of Civil Procedure.'") (citation omitted).
North Carolina Civil Procedure Rule 4, which governs process and service of process, is intended to provide notice of the commencement of an action and "'to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit.'"Harris v. Maready, 311 N.C. 536, 541-42, 319 S.E.2d 912, 916 (1984) (citation omitted). "[A] court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods." Fender v. Deaton, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998), disc. review denied, 350 N.C. 94, 527 S.E.2d 666 (1999). Service of process which takes place outside of the statutorily prescribed time does not confer jurisdiction on the trial court over a respondent. See A.B.D., 173 N.C. App. at 83, 617 S.E.2d at 712.
N.C. Gen. Stat. § 1A-1, Rule 4, states that a summons is to be issued within 5 days of filing the complaint and served upon a party within 60 days of its issuance. N.C. Gen. Stat. § 1A-1, Rule 4(a),(c) (2005). Where a summons is not served upon a party within the time allowed, an action is deemed to be discontinued as to the defendant upon which service has not been made. N.C. Gen. Stat. § 1A-1, Rule 4(e). However, an action need not be discontinued on the sole grounds that a summons was not issued within Rule 4(c)'s sixty-day requirement. Petitioner could have obtained an endorsement for an extension of the original summons or obtained an alias or pluries summons as provided in subsection (d) for an extension of time. N.C. Gen. Stat. § 1A-1, Rule 4(d).
Defective service or the failure of original service in a suit may be remedied by endorsement of the original summons or by application for alias and pluries summons within ninety days of the original issuance or last endorsement. N.C. Gen. Stat. § 1A-1, Rule 4(d). If a party fails to use either method to extend time for service to be effectuated, the suit is discontinued, and treated as if it had never been filed. N.C. Gen. Stat. § 1A-1, Rule 4(e); A.B.D., 173 N.C. App. at 86, 617 S.E.2d at 713.
The petition in the instant case was filed on 30 September 2004 and a summons was thereafter issued as to respondent-mother and respondent-father on 7 October 2004. Neither respondent was ever served pursuant to the original summons nor was an extension granted by the issuance of an alias and pluries summons or endorsement. Subsequent summons were issued as to respondent-mother on 18 October 2004 and respondent-father on 26 and 31 January 2005, without an application or new petition being filed as is required by Rule 3 to commence a new action. N.C. Gen. Stat. § 1A-1, Rule 3. Where petitioner failed to obtain an alias and pluries summons or an extension by endorsement within the ninety days after the issuance of the original summons and failed to serve such summons within sixty days, the action for termination of parental rights should have been treated as if it had never been filed. Therefore, the subsequent summons issued by the court and served upon respondents would have been ineffective where they were not issued pursuant to a valid petition. In order for the trial court to obtain jurisdiction over respondents after failure to serve the original summons within sixty days and failure to receive an extension thereof, petitioner would have to file a new petition and the original petition must be deemed to never have been filed at all. Where the action effectively had not been filed, the "trial court necessarily lacks subject matter jurisdiction." A.B.D., 173 N.C. App. at 86, 617 S.E.2d at 713.
Accordingly, the order of the trial court is vacated.
Vacated.
Chief Judge MARTIN and Judge TYSON concur.
Report per Rule 30(e).