IN RE: D.R.B.
No. COA08-304
Court of Appeals of North Carolina
Filed August 19, 2008
Patricia L. Riddick, for petitioners-appellees.
Terri Johnson, for guardian ad litem for the minor child.
Winifred H. Dillon, for respondent-appellant father.
STROUD, Judge.
Respondent-father ("father") appeals the order terminating his parental rights to the minor child, D.R.B.D.R.B. was born in 2003 and has been living with his maternal grandfather and step-grandmother ("grandparents") since he was ten weeks old. D.R.B.'s mother executed a consent to adoption of the minor child by grandparents on 28 April 2005. Father is currently incarcerated in Florida serving a thirty-year sentence for robbery.
On 25 July 2005, D.R.B.'s grandparents ("petitioners") filed a petition to terminate father's parental rights. On 18 September 2006, the trial court entered an order terminating father's parental rights, and father appealed. On 17 April 2007, this Court vacated the termination order and remanded to the district court to enter adequate findings of fact and conclusions of law supporting grounds for termination. In re D.R.B., 182 N.C. App. 733, 643 S.E.2d 77 (2007).
On remand, the trial court received additional evidence and entered a new termination order on 18 January 2008. Father now appeals this second termination order.
In his first assignment of error, father asserts that the trial court lacked subject matter jurisdiction to enter the termination order because no summons was properly issued and served on the juvenile as required by N.C. Gen. Stat. § 7B-1106(a)(5). Petitioners respond that service of the summons on the guardian ad litem for the child is sufficient to satisfy the statute and endow the trial court with subject matter jurisdiction.[1]
"In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." In re J.A.P., ___ N.C. App. ___, ___, 659 S.E.2d 14, 17 (2008). Article 11 of Chapter 7B of the North Carolina General Statutes, "provide[s] judicial procedures for terminating the legal relationship between a juvenile and the juvenile's biological or legal parents[.]" N.C. Gen. Stat. § 7B-1100(1) (2007). However,"where Chapter 7B requires, but does not identify, a specific procedure to be used in termination cases," the North Carolina Rules of Civil Procedure fill in procedural gaps. In re B.L.H., ___ N.C. App. ___, ___, 660 S.E.2d 255, 257 (2008).
In an action to terminate parental rights, the summons must be served on either the juvenile or the child's guardian ad litem ("GAL") if one has been appointed. See N.C. Gen. Stat. § 7B-1106(a). Article 11 of Chapter 7B does not specify the time frame within which a summons must be served in an action for termination of parental rights; therefore Rule 4 of the North Carolina Rules of Civil Procedure applies. In re A.B.D., 173 N.C. App. 77, 81, 617 S.E.2d 707, 711 (2005). Rule 4 specifically provides that service "must be made within 60 days after the date of the issuance of summons." N.C. Gen. Stat. § 1A-1, Rule 4(c). If service is not made during that time, the plaintiff may continue the action only if he secure[s] an endorsement upon the original summons for an extension of time within which to complete service of process . . . within 90 days after the issuance of summons or the date of the last prior endorsement, or . . . sue[s] out an alias or pluries summons within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.
N.C. Gen. Stat. § 1A-1, Rule 4(c). Where the original summons is not served within 60 days, and "there is neither endorsement nor issuance of alias or pluries summons within 90 days after issuance of the last preceding summons, the action is discontinued as to any defendant not served within the time allowed and treated as if it had never been filed." In re A.B.D., 173 N.C. App. at 81, 617 S.E.2d at 711 (emphasis added).[2]
The record sub judice shows that a summons was issued on 25 July 2005 naming father as the respondent. D.R.B.'s name appears on the summons form only in the case caption and D.R.B. is not named as a respondent.[3] The record contains no indication that D.R.B. was ever served or that the summons was ever endorsed or that an alias and pluries summons was ever issued.
On 16 November 2005, a hearing was held at which Terri Johnson was appointed as GAL for the juvenile, although the order appointing the GAL was not entered until 10 March 2006. On 8 March 2006, Terri Johnson, as GAL for D.R.B., executed an "acceptance of service" which stated that the GAL accepted service of the "PETITION FOR TERMINATION OF PARENTAL RIGHTS AND SUMMONS IN PROCEEDING FOR TERMINATION OF PARENTAL RIGHTS[.]"
Service on the GAL is unavailing in the instant case because the summons which the GAL purportedly accepted on 8 March 2006 had long since expired, and for this reason the trial court did not have subject matter jurisdiction when it entered the order terminating parental rights. Indeed, the trial court did not even have subject matter jurisdiction on 10 March 2006, when the GAL was appointed, so the order appointing the GAL was also void and of no effect, rendering the purported acceptance of service by the GAL also of no effect.
"The termination of parental action should have been treated as if it had never been filed. And where an action has not been filed, a trial court necessarily lacks subject matter jurisdiction." In re A.B.D., 173 N.C. App. at 86, 617 S.E.2d at 713 (internal citation and quotation marks omitted). Lack of subject matter jurisdiction requires us to vacate the order terminating father's parental rights.[4]In re K.A.D., ___ N.C. App. ___, ___, 653 S.E.2d 427, 428-29 (2007).
Vacated.
Judges McGEE and HUNTER concur.
Report per Rule 30(e).
NOTES
[1] The briefs in this case raise the apparent conflict between In re K.A.D., ___ N.C. App. ___, 653 S.E.2d 427 (2007) (the trial court lacked subject matter jurisdiction when the juvenile was not listed as a respondent in the summons and the summons was not issued to the juvenile) and In re J.A.P., ___ N.C. App. ___, 659 S.E.2d 14 (2008) (the name of the juvenile in the caption of the summons combined with service of the summons on the juvenile's guardian ad litem was sufficient to establish subject matter jurisdiction) as to the requirements for issuance of a summons to the juvenile. However the error in this case is more fundamental and we do not reach that issue.
[2] In re A.B.D. was decided based on the thirty day rule in effect before the 2001 amendment to Rule 4(c), 2001 N.C. Sess. Laws 379, which extended the time allowed for service of a summons to sixty days. 173 N.C. App. at 83, 617 S.E.2d at 711 n. 3.
[3] We note that the summons form, AOC-J-208, New 7/99, was an outdated form which included a block indicating that the juvenile would be listed as a respondent "if 12 or older." N.C. Gen. Stat. § 7B-1106 (a)(5) was amended in 2001 to remove the language requiring that a summons be issued to and served upon the juvenile only "if the juvenile is 12 years of age or older at the time the petition is filed[,]" so that the juvenile must now be issued a summons regardless of his or her age. 2001 N.C. Sess. Law 208. Perhaps the use of the outdated form contributed to the failure to issue a summons to the juvenile.
[4] Due to our holding that the order must be vacated for lack of subject matter jurisdiction, we need not address father's additional assignments of error.