IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-590

No. COA22-124

Filed 6 September 2022

Gaston County, No. 21 JB 70

IN THE MATTER OF:  B.W.C.

Appeal by juvenile-appellant from order entered 19 October 2021 by Judge Angela G. Hoyle in Gaston County District Court.  Heard in the Court of Appeals 9 August 2022.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Benjamin Szany, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for juvenile-appellant.*

ARROWOOD, Judge.

¶ 1     Juvenile-appellant "Brian"[1] appeals from an order adjudicating him as delinquent for indirect contempt and placing him on probation for six months.  For the following reasons, we affirm the trial court.

I.     Background

¶ 2     On 30 March 2021, a juvenile petition was filed in Gaston County District Court alleging that Brian, then fifteen years old, was an undisciplined juvenile for

---

[1] A pseudonym is used throughout to protect the identity of the juvenile.

truancy in that he "was unlawfully absent" from high school, having accrued "a total of 58 absences[,] [i]n violation of 7B-1501(27)(a)[.]" Brian admitted to truancy.

¶ 3 The trial court entered an order adjudicating Brian as undisciplined on 15 April 2021 (the "adjudication order"). The adjudication order also provided that the matter would be continued for disposition until 7 June 2021 "under the following conditions: . . . contempt warning given in open court see attached AOC-J-209[.]"

¶ 4 The trial court filed an additional, separate order on the same day (the "second order"). In the second order, the trial court expressly required Brian to "attend school each and every day when it is in session and have no unexcused absences, tardies[,] or suspensions from school"; to "complete all classroom and homework assignments as issued by school officials"; to "sign up for in person school and start attending [M]onday 4/18/2021"; and to "log on for virtual school for 4/16/2021[.]" The second order also provided that Brian "verbally acknowledged [he] understand[s] that violation of the above conditions may result in him . . . being held in Contempt."

¶ 5 Following a hearing held on 7 June 2021, the trial court entered a juvenile disposition order on 8 June 2021 (the "disposition order"). The disposition order placed Brian under protective supervision of a court counselor for three months and required him to "[r]emain on good behavior and not violate any laws[,]" "[a]ttend school regularly[,]" "[m]aintain passing grades in at least 4 courses[,]" and "[r]eport

to a court counselor as often as required by the court counselor." The disposition order also provided: "contempt warning order dated 04/15/2021 still remains."

¶ 6 On 26 August 2021, "a Motion for Review was filed alleging [Brian] [had] violated the conditions of protective supervision by 'refusing to attend school' on August 23rd, August 25th, and August 26th 2021." On 27 August 2021, a juvenile petition was filed alleging that Brian was delinquent in that he "did violate a contempt warning set forth by District Court on June 7, 2021, instructing that the 'juvenile will attend school each and every day as outlined by the school'. The juvenile has accumulated 3 unexcused absences since the court date. In violation of 5A-12(b) Indirect Contempt[.]" The petitioned also alleged the offense in question was in violation of N.C. Gen. Stat. § 5A-31(c).

¶ 7 Brian filed a motion to dismiss on 18 October 2021, arguing that "[t]he current incarnation of N.C. Gen. Stat. § 7B-2505" read together with § 7B-2503 did not allow the trial court to pursue delinquency actions following an adjudication of undisciplined, and emphasizing the General Assembly's distinction between "children adjudicated undisciplined versus children adjudicated delinquent[.]" Thus, Brian argued the juvenile delinquency petition filed against him violated his due process and statutory rights.

¶ 8 The matter came on for adjudication, motion for review, and violation of protective supervision hearing on 18 October 2021 in Gaston County District Court,

Judge Hoyle presiding. After hearing Brian's counsel's arguments to dismiss the delinquency petition and after reading the written motion to dismiss, the trial court denied the motion. Brian then admitted to indirect contempt and to violating his protective supervision.

¶ 9 The trial court ordered that Brian be placed on "probationary supervision of a court counselor for six months." The trial court also ordered, among other things, that Brian "attend school regularly, maintain passing grades in at least four courses, . . . meet with the court counselor to figure out how to do that, and the school representative[,] . . . [s]ubmit to random drug tests[,]" and abide by a 9:00 p.m. to 6:00 a.m. curfew. Brian filed notice of appeal on the same day.

## II. Discussion

¶ 10 On appeal, Brian argues that the trial court erred in denying his motion to dismiss, and in doing so violated N.C. Gen. Stat. §§ 7B-2503 and 7B-2505, as well as Brian's due process rights. Specifically, Brian argues that "the State's procedure of seeking a delinquency adjudication for contempt in response to noncompliance with protective supervision or a court order that arises out of an undisciplined adjudication goes against what is contemplated by and authorized by dispositional provisions of Section 7B." "We review a trial court's denial of a [juvenile's] motion to dismiss *de novo*." *In re S.M.S.*, 196 N.C. App. 170, 171, 675 S.E.2d 44, 45 (2009) (citation omitted).

¶ 11     "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council, Boy Scouts of Am., Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988) (citations omitted). Our General Statutes provide that a fifteen-year-old juvenile is delinquent if he "commits indirect contempt . . . as defined in G.S. 5A-31." N.C. Gen. Stat. § 7B-1501(7)(a) (2021). The behavior of a juvenile who engages in "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution" constitutes contempt. N.C. Gen. Stat. § 5A-31(a)(3) (2021). Such contempt is indirect when it is exercised outside of the presence of a court. *Compare* N.C. Gen. Stat. § 5A-31(b) *with* § 5A-31(c). "Indirect contempt by a juvenile may be adjudged and sanctioned only pursuant to the procedures in Subchapter II of Chapter 7B of the General Statutes." N.C. Gen. Stat. § 5A-33 (2021).

¶ 12     Brian's argument on appeal relies on N.C. Gen. Stat. §§ 7B-2503 and 7B-2505, addressing, respectively, dispositional alternatives for undisciplined juveniles and violation of protective supervisions by undisciplined juveniles. Though these statutes may have controlled the initial juvenile petition alleging that Brian was undisciplined, they ceased to control the moment Brian acted in violation of the trial court's disposition order requiring him to attend school regularly and do not take into consideration the trial court's multiple contempt warnings. *See In re Walker*, 282

N.C. 28, 38, 191 S.E.2d 702, 709 (1972) ("The fact that a child initially has been found to be undisciplined and placed on probation is merely incidental to a later petition and motion alleging delinquency based on violation of the terms of probation.").

¶ 13 Under a plain reading of N.C. Gen. Stat. §§ 7B-1501 and 5A-31, it is clear that fifteen-year-old Brian committed indirect contempt when he violated his disposition order by failing to attend school regularly, an action which was done outside of the direct presence of the trial court. N.C. Gen. Stat. §§ 5A-31, 7B-1501. Under N.C. Gen. Stat. § 5A-33, it was proper for the trial court to find Brian delinquent as a result of such contempt, as a juvenile's indirect contempt may be "adjudged and sanctioned *only* pursuant to the procedures in Subchapter II of Chapter 7B of the General Statutes[,]" which contains N.C. Gen. Stat. § 7B-1501. N.C. Gen. Stat. § 5A-33 (emphasis added). Furthermore, Brian was put on notice on multiple occasions—specifically, in the adjudication order, the second order, and the disposition order—that such failure on his part would result in his being held in contempt.

¶ 14 Accordingly, the trial court acted in accordance with controlling legislature and did not err by denying Brian's motion to dismiss.

## III.    Conclusion

¶ 15 For the foregoing reasons, we conclude that the trial court did not err by denying Brian's motion to dismiss.

AFFIRMED.

Chief Judge STROUD and Judge COLLINS concur.